**Gale F. McKEE, Appellant,**

v.

**Harold WILMARTH and Neill Wilmarth, Respondents.**

**No. WD 40867.**

Missouri Court of Appeals,
Western District.

June 27, 1989.

Jefferson G. Broady, Rock Port, for appellant.

Larry L. Zahnd, Maryville, for respondents.

Before KENNEDY, C.J., and TURNAGE and GAITAN, JJ.

GAITAN, Judge.

Plaintiff-appellant, Gale F. McKee, alleges that the trial court erred by submitting, over objections, non-MAI instructions numbered 5C and 5F. The trial court denied appellant's motion for a new trial on those instructions.

Appeal dismissed.

Appellant was charged with two felony counts in the Circuit Court of Nodaway County, Missouri. The first count charged that on or about November 17, 1982, appellant stole soybeans from Farmers Elevator Company in Hopkins, Missouri. The second count charged that on or about November 27, 1982, appellant committed forgery in connection with a scale ticket at Farmers Elevator Company, representing a load of soybeans which had not in fact been delivered. Appellant was acquitted by a jury on both counts. Michael McKee, appellant's son, whose name was on the scale ticket, was also a defendant in the case but was subsequently dismissed by the State of Missouri.

Appellant and Michael McKee then filed a malicious prosecution action against defendants-respondents, Harold and Neill Wilmarth, co-owners of Farmers Elevator Company. The trial court granted summary judgment in favor of respondents on the ground that appellant was collaterally estopped by the judgment in the case Michael McKee had previously brought against Farmers Elevator Company.[1] That ruling was appealed to the Court and in *McKee v. Wilmarth,* 728 S.W.2d 699 (Mo.App.1987), that judgment was reversed as to appellant. The malicious prosecution claims of appellant were tried in July 1988, resulting in a jury verdict against appellant. A motion for a new trial was overruled.

Appellant's brief is inadequate to invoke the jurisdiction of this Court, preserves nothing for review and the appeal is dismissed for failure of appellant's brief to comply with the requirements of Rule 84.-04(c), (d), (e) and (b).

Rule 84.04(c) provides that the brief shall contain a statement of facts. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." Rule 84.04(c). Appellant's Statement of Facts consists of five sentences. There are no page references in the brief to the specific page of the Legal File or Transcript as required by subparagraph (h) of Rule 84.04. The transcript of the testimony in this case consists of 458 pages. Respondents should not have to furnish this Court with a statement of facts so that appellant's appeal may be heard. It is appropriate for this Court to dismiss this appeal for failing to include a fair and concise statement of facts. *Pioneer Finance Company v. Washington,* 419 S.W.2d 466 (Mo.App.1967).

---

1. Michael McKee sued Farmers Elevator Company for the value of the load of beans which he claimed he had delivered pursuant to the scale ticket number 10130. That case was tried before a jury and the verdict was in favor of the Farmers Elevator Company.

Rule 84.04(d) requires that the Points Relied On shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. It is not sufficient to identify the action or ruling of the trial court of which appellant complains. After stating the ruling the trial court actually made, the Points Relied On should then specify why the ruling was erroneous. After stating why the ruling was erroneous, this Court must then be informed wherein the testimony or evidence gives rise to the ruling for which appellant contends. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo.banc 1978). Appellant's Point Relied On states: "The trial court erred in submitting defendant's instructions 5C and 5F to the jury over objection of plaintiff resulting in jury verdict against plaintiff." This Point does not purport to give any reason "why" or "wherein" the giving of the instructions was error. To consider this Point, this Court would have to search out and advocate for appellant this alleged error. It is not the function of the appellate court to serve as an advocate for a party to an appeal. *Id.* at 686. In addition, it is inherently unfair to respondents to require them to brief and present to this Court their defense of the instructions when appellant has not pointed out wherein and why they were erroneous. Appellant's total argument consisted of seven ambiguous sentences that failed to provide this Court with one alleged trial court error. It is appropriate for the Court of Appeals to refuse to review appellant's point and the appeal should be dismissed. *Tierney v. Berg,* 679 S.W.2d 919, 921 (Mo. App.1984).

Rule 84.04(e) provides that if a point relates to the giving, refusal or modification of an instruction, "such instruction shall be set forth in full in the argument portion of the brief." If, by his Point Relied On, appellant is complaining of the giving of instructions 5C and 5F to the jury, the instructions should be set forth in the argument portion of his brief. These instructions are not set forth in the Argument portion of appellant's brief and the giving or modification of these instructions has not been preserved for appellate review. *Stegan v. H.W. Freeman Construction Co.,* 637 S.W.2d 794, 798 (Mo.App. 1982).

Lastly, the Jurisdictional Statement in appellant's brief does not show what constitutional provision grants jurisdiction of this appeal in the Court of Appeals. It does not clearly identify what appealable order of the Circuit Court of Gentry County, Missouri, is being appealed, and the factual data bringing the issue within the jurisdiction of this Court. As such, it is inadequate as provided under Rule 84.04(b).

To add insult to injury, counsel for appellant did not see fit to enlighten the Court on these matters at oral argument. He failed to appear without notice to the Court or counsel. It should be further noted that the first brief filed by appellant was stricken by this Court for failing to comply with Rule 84.04(c), (d) and (e). Moreover, this case could have been dismissed under Rule 84.08.

THIS APPEAL IS DISMISSED.

All concur.