Austin H. MARKS, Appellant,

v.

John R. HOPKINS, Jr., Law Firm of Edmundson, Terando, Hopkins & Ellis, P.C. and Kimberly Marks a/k/a Kimberly Jaco, Respondents.

No. 21563.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 1997.

Motion for Rehearing or Transfer
Denied Sept. 26, 1997.

Austin H. Marks, Sheridan, OR, pro se.

John R. Hopkins, Jr., Edmundson, Terando, Hopkins & Henson, Poplar Bluff, for respondents.

MONTGOMERY, Chief Judge.

Plaintiff, Austin H. Marks, *pro se* filed a "Complaint" seeking damages against Defendants John R. Hopkins, Jr., Law Firm of Edmundson, Terando, Hopkins & Ellis, P.C., and Kimberly Marks, who is now Plaintiff's ex-wife.[1] Plaintiff alleged he suffered damage when Defendant Marks quitclaimed her interest in certain real estate—owned by them as tenants by the entirety—to the other Defendants.

---

1. By filing a complaint rather than a petition, Plaintiff disregards the requirements of Rule 55.01.

Defendant Marks was never served with process. The trial court sustained the remaining Defendants' motion to dismiss for failure to state a claim and also dismissed the case as to Defendant Marks due to Plaintiff's failure to provide "additional information for service." Plaintiff appeals.

■ Plaintiff's brief contains a section entitled "Question Presented for Appellate Review." Under this heading, Plaintiff lists the following six questions:

1. DID THE TRIAL COURT ERR IN DISMISSING THE PRO Se, PLAINTIFF'S COMPLAINT AGAINST ATTORNEY AT LAW, JOHN HOPKINS, JR. FOR NOT STATING A CLAIM?

2. DID THE TRIAL COURT ERR IN DISMISSING THE PRO Se PLAINTIFF'S COMPLAINT AGAINST THE DEFENDANTS JOHN HOPKINS, JR. AND THE LAW FIRM OF EDMUNDSON, TERANDO, HOPKINS AND ELLIS WITH PREJUDICE?

3. DID THE PRO Se PLAINTIFF ADAQUATELY [sic] STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED?

4. DID THE PLAINTIFF STATE PROPERLY WHAT TYPE OF BUSINESS ORGANISATION [sic] IS BEFORE THE BUTLER COUNTY CIRCUIT COURT IN THE CAUSE OF ACTION AGAINST DEFENDANTS EDMUNDSON, TERANDO, HOPKINS AND ELLIS, PC.?

5. WAS THE COURT AWARE THAT THE PRO Se, IN FORMA PAUPERIS PLAINTIFF OBTAINED PROPER SERVICE ON THE DEFENDANTS?

6. DID THE COURT ERR IN DISMISSING THE PLAINTIFF'S COMPLAINT AGAINST THE DEFENDANT KIMBERLY K. MARKS AKA KIMBERLY K. JACO, FOR FAILURE OF THE PLAINTIFF TO PROVIDE ADDITIONAL SERVICE INFORMATION?

We assume that Plaintiff presents these questions in an attempt to comply with Rule 84.04(d) because no other section of his brief mentions points relied on.

Plaintiff's "Questions" violate the requirements of Rule 84.04 in that phrasing a point relied on "in the form of a question is not proper form." *McCormack v. Maplewood–Richmond Heights,* 935 S.W.2d 703, 707 (Mo. App.1996). *Also see Chancellor Dev. Co. v. Brand,* 896 S.W.2d 672, 674 (Mo.App.1995), and *Schnucks v. Bridgeton Health and Fitness,* 884 S.W.2d 733, 741 n. 1 (Mo.App.1994).

■ More specifically, Plaintiff's "Questions" violate the requirements of Rule 84.04(d) which provides that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." *Ross v. Ross,* 888 S.W.2d 734, 736 (Mo.App.1994), describes the requirements of Rule 84.04(d) as follows:

A point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made.

■ Assuming Plaintiff's "Questions" properly allege trial court error, none of them state wherein or why the trial court erred. If a point relied on is insufficient, nothing is preserved for appellate review. *Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo.App.1990). Rule 84.13(a) also provides that allegations not properly briefed shall not be considered in any civil appeal. Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal. *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App.1994).

■ Although Rule 84.13(c) provides for plain error review, it is rarely resorted to in civil cases. *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 335 (Mo.App. 1991). Plain error review is generally not appropriate when an appellant fails to identify wherein and why the trial court erred. *Arenson v. Arenson,* 787 S.W.2d 845, 846

(Mo.App.1990). For these reasons, we decline plain error review.

Plaintiff is entitled to appeal his case *pro se,* but he is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Ctr.,* 738 S.W.2d 534, 535 (Mo.App.1987).

Because of the violations of Rule 84.04, this appeal is dismissed.

PARRISH, P.J., and SHRUM, J., concur.