**Brenda HICKS, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. 23821.

Missouri Court of Appeals, Southern District, Division Two.

April 26, 2001.

Brenda Hicks, Pro Se.

Ronald J. Miller, Jefferson City, Attorney for the Respondent.

RAHMEYER, Judge.

Brenda Hicks ("Appellant") appeals from a final order of the Labor and Industrial Relations Commission of Missouri denying her claim for unemployment benefits. The Division of Employment Security ("Respondent") filed a motion to strike Appellant's brief for failure to comply with the Missouri Supreme Court Rules. Respondent's motion is granted.

Rule 84.04[1] requires an appellant's brief to have the following: (1) a detailed table of contents with page references and a table of cases and other authorities; (2) a concise statement concerning the appellate court's jurisdiction; (3) a fair and concise statement of the facts; (4) a Point Relied On that identifies the ruling challenged, sets forth concisely the legal reasons for the claim of error, and explains why the reasons support a finding of error; (5) argument containing, in part, the standard of review; and (6) a short conclusion. Rule 84.04(a)-(e). All statements of fact and argument shall have specific page references to the legal file or transcript. Rule 84.04(i). Appellant did not comply with any of these rules.

Appellant's brief consists of two single-spaced typed pages of written material setting forth Appellant's view of the facts surrounding the ending of her employment. No table of contents is included. No jurisdictional statement is made. The facts given are only those favoring Appellant's position. No references to the legal file or transcript are given anywhere in Appellant's brief. No Point Relied On is included. It is difficult to glean any argument out of Appellant's brief. No conclusion is included. Appellant's brief violates every part of Rule 84.04.

A brief that does not comply with Rule 84.04 preserves nothing for appellate review. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App. S.D.1999). Claims of error that are not properly briefed "shall not

be considered in any civil appeal." Rule 84.13(a).

■ We are mindful that Appellant is appealing as a *pro se* litigant, as she is entitled to do. Doing so, she is still bound by the same rules of procedure as are attorneys. *Libberton*, 995 S.W.2d at 67. As further explained in *Sutton v. Goldenberg*, 862 S.W.2d 515 (Mo.App. E.D.1993):

> While perfection is not required, an appellant must have reasonably complied with the rules.... While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers.... It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

862 S.W.2d at 517.

The appeal is dismissed.

BARNEY, C.J., and PREWITT, J., concur.