Anthony BAMBER, Employee–Appellant,

v.

DALE HUNT TRUCKING, Employer–Respondent.

No. 25164.

Missouri Court of Appeals, Southern District, Division Two.

June 12, 2003.

**490**

Ronald S. Motil, Peel, Beatty & Motil, Edwardsville, IL, for appellant.

Mary O. Thompson, Baty, Holm & Numrich, P.C., Springfield, for respondent.

JOHN E. PARRISH, Judge.

 Anthony Bamber appeals a decision of the Labor and Industrial Relations Commission (the commission) denying him workers' compensation benefits. The appeal is dismissed for appellant's failure to comply with Rule 84.04.

Rule 84.04 mandates what an appellant's brief shall contain. "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.1999). Whether an appeal will be dismissed for failure to comply with Rule 84.04 is discretionary. *Keeney v. Missouri Highway & Transp. Com'n*, 70 S.W.3d 597, 598 n. 1 (Mo.App.2002). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits. 'A brief impedes disposition on the merits where it is so deficient that it fails to give notice to [the court] and to the other parties as to the issue presented on appeal.'" *Id.*, quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997).

*Hampton v. Davenport*, 86 S.W.3d 494, 496 (Mo.App.2002).

Rule 84.04(a)(4) requires an appellant's brief to include "points relied on." Rule 84.04(d) prescribes what points relied on shall contain. Rule 84.04(d)(2) explains:

Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

Appellant's brief has no point relied on. The brief includes a statement it characterizes as "*ISSUE PRESENTED FOR REVIEW*" which asks that the commission's determination that appellant did not "prove jurisdiction of his workers' compensation claim in the State of Missouri" be

addressed. The statement is not a point relied on as required by Rule 84.04(d)(2). It does not state the legal reasons for any discernable claim of error, nor does it explain why or in what manner, in the context of the case, jurisdiction was proven.

This court's perusal of the "argument" portion of appellant's brief provides no notice of any legal basis under applicable Missouri statutes for his claim that he is entitled to Missouri workers' compensation benefits. Appellant's brief impedes the disposition of the appeal on its merits. It presents nothing for appellate review. The appeal is dismissed.

PREWITT, P.J., and SHRUM, J., concur.