Sharon L. HUFFMAN, Claimant–
Appellant,

v.

SBC SERVICES, INC., Employer–
Respondent,

and

Division of Employment Security,
Respondent.

No. 25774.

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 2004.

Sharon L. Huffman, pro se.

Ninion Riley, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Sharon L. Huffman ("Claimant") was denied unemployment insurance compensation by the Division of Employment Security (the "Division") because she left work voluntarily without good cause attributable to such work or to her employer. *See* Section 288.050.1(1).[1] In the administrative proceedings and on appeal, Claimant contends that her acceptance of a monetary severance package offered by SBC Services, Inc. ("Employer") during a workforce reduction was not a voluntary termination of her employment.[2]

■■■ Although Appellant filed this appeal *pro se*, she is "required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Sours v. Pierce*, 908 S.W.2d 863, 865 (Mo.App. S.D.1995). The requirements of Rule 84.04 are mandatory. *Maroney v. Maroney*, 953 S.W.2d 644, 646 (Mo.App. S.D.1997). Rule 84.04(a) prescribes the requirements for an appellate brief:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.[3]

Here, none of the requirements set forth in Rule 84.04 are satisfied by the narrative two-page letter "brief" filed by Claimant. Claimant's brief failed to cite a single authority and contains no jurisdictional statement, statement of facts, points relied on or argument. Furthermore, the brief contains no page references to the legal file or transcript.

■■■ "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker*, 937 S.W.2d 775, 776 (Mo.App. S.D.1997). Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.1978). It is not the function of an appellate court to search the

---

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

2. Claimant appealed the Division's denial to the Appeals Tribunal, which affirmed the Division's ruling by finding that Claimant's "reasons for quitting work were very good personal reasons but were not attributable either to her work or employer since the claimant could have continued work had she declined the offer." Claimant then filed an Application for Review with the Labor and Industrial Relations Commission (the "Commission") on June 10, 2003. The Commission subsequently affirmed the decision of the Appeals Tribunal.

3. All references to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

record to identify possible errors and research any issues so revealed. *Id.* In fairness to Respondent, we cannot become Appellant's advocate.

 Further, we decline plain error review in this case. Plain error review, which is discretionary under Rule 84.13(c), is generally not appropriate where an appellant fails to identify wherein and why there was error. *Marks v. Hopkins,* 952 S.W.2d 747, 748 (Mo.App. S.D.1997).

For failure to comply with Rule 84.04 the appeal is dismissed.[4]

BARNEY, P.J., and PREWITT, J., concur.

---

4. Because of this result, the Division's motion to dismiss Employer's brief is denied as moot.