**Terri KRAUSE, Appellant Pro Se,**

v.

**ASSURANT, INC., Defendant,**

**Division of Employment Security, Respondent.**

**No. WD 64554.**

Missouri Court of Appeals, Western District.

March 29, 2005.

Terri Krause, Kansas City, pro se.

Cynthia Ann Quetsch, Jefferson City, for respondent.

Before SPINDEN, P.J., HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Terri Krause appeals from an order of the Labor and Industrial Relations Commission (the "Commission"), which held that Ms. Krause was disqualified under section 288.050, RSMo 2000, from receiving unemployment benefits because she voluntarily left work without good cause

attributable to her work or employer. The Division of Employment Security (the "Division") filed a motion to strike Ms. Krause's brief for non-compliance with Rule 84.04,[1] which we took with the case.

For the reasons set forth below, we grant the Division's motion to strike and dismiss Ms. Krause's appeal for non-compliance with Rule 84.04.

## Background

On May 12, 2004, Ms. Krause filed a claim for unemployment benefits. The claim indicates that her reason for separating from her employment with Assurant, Inc. was that she had quit. Assurant, Inc., Ms. Krause's employer, did not file a protest. On May 28, 2004, the Division issued its determination that Ms. Krause was disqualified under section 288.050, RSMo 2000, from receiving benefits because she voluntarily left work without good cause attributable to her work or employer.

Ms. Krause appealed to the Division's appeals tribunal. A referee with the appeals tribunal conducted a hearing by telephone conference on June 18, 2004, during which Ms. Krause testified under oath. The following findings of fact appear in the appeals tribunal's June 23, 2004 decision:

[Ms. Krause] was a project manager for [Assurant] since 2000. After she lost two months work due to a bipolar condition that no doctor related to her work or employer, she was demoted to a programmer upon her return because there were no current (or later for that matter) project manager openings. Her job was in jeopardy by January of 200[4]; the employer could not justify continuing to pay her at her project manager rate unless she drastically improved her programming skills. On April 30, 2004

---

1. Rule references are to the Missouri Court Rules, vol. 1, 2004.

she was told she would be discharged in two months if her programming skills did not reach target level. On Monday, May 3, 2004 (after considering her options over the weekend) [Ms. Krause] quit, and was paid three months salary as a severance package that she knew would not be available if she waited until July to separate. No one pressured [Ms. Krause] to quit or to take the severance package. [Assurant] never promised to keep her project manager job open.

In its conclusions of law, the appeals tribunal explained:

[Ms. Krause] quit on May 3, 2004. At issue is whether she quit with good cause attributable to her work or employer.

In order to establish good cause to quit, [Ms. Krause] must show she quit for a reason or reasons that were reasonable under the standard of the average man or woman, and that there was a good-faith effort to remedy the dispute or situation before quitting. Further, the reason or reasons to quit must be related to the work or the employer.

[Ms. Krause bore the burden of proving good cause.]

[Ms. Krause]'s problems began with her medical condition that was unrelated to work or [Assurant]. [Assurant] tried to accommodate her by paying project manager salary for programming, but could not do this forever. It was not set in stone that [Ms. Krause] would be gone by July of 2004. She was not forced to quit, and not forced to accept a three-month pay severance package. [Ms. Krause] has not met her burden to show good cause to quit under the Missouri Employment Security Law. The

Appeals Tribunal concludes she left work voluntarily on May 3, 2004 without good cause attributable to her work or [Assurant].

Thus, it affirmed the Division's determination.[2]

Ms. Krause applied for review of the appeals tribunal's decision by the Labor and Industrial Relations Commission (the "Commission"). The Commission denied Ms. Krause's request to submit additional testimony regarding her separation from employment and a memo dated April 27, 2004. On August 14, 2004, the Commission entered an order affirming and adopting the decision of the Appeals Tribunal. This appeal follows.

## Motion to Strike

■ The Division filed a motion to strike Ms. Krause's amended brief for failure to comply with Rule 84.04. We took the motion with the case.

■ Rule 84.04 governs the contents of all briefs filed in this court. Rule 84.04(a) provides:

The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

2. In accordance with section 288.050, this decision provides that Ms. Krause "is disqualified until she has earned wages for insured work equal to ten times her weekly benefit amount after May 3, 2004."

(6) A short conclusion stating the precise relief sought.

The subsequent subsections—84.04(b) through (i)—further detail what each of these required contents of an appellate brief should include. We insist upon compliance with Rule 84.04 because without such compliance, we would be forced to speculate on the facts and arguments not asserted, and by doing so, we would be advocating for the non-compliant party, which this court cannot and will not do. *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 305 (Mo. App. W.D.2004).

■■■ Ms. Krause is acting *pro se;* that is, she is representing herself in this appeal. But her self-represented status does not exempt her from the requirements of the procedural rules governing proceeding before this court. *Id.* While we recognize and are sensitive to problems often encountered by *pro se* litigants, we nevertheless hold them responsible for compliance with such rules just as we do attorneys. *Id.* This court cannot grant preferential treatment regarding compliance with these rules. *Id.*

Ms. Krause's brief does not comply with most of the requirements of Rule 84.04. For example, her statement of facts consists of one short paragraph without any "specific page references to the legal file or the transcript" as required by Rule 84.04(i). Her brief does not contain any point relied on to identify the action of the Commission being challenged and the legal reasons for her claim of reversible error as required by Rule 84.04(d)(2).

Even if Ms. Krause did properly assert a claim on appeal, there is no appendix including a copy of the decision in question or the text of statutes, ordinances, court rules, or agency rules relevant to any claim on appeal as required by Rule

84.04(h)(1) and (2). Her entire argument is as follows:

> The decision at issue here is that [Ms. Krause] was unaware [that] she was terminated from her employment. Had the employer provided the information to the Division of Employment Security, [Ms. Krause] would have been aware she had been terminated. There was not sufficient competent evidence in the record to warrant the making of the award[.]

Just reading this "argument" leaves us clueless as to what she is claiming on appeal.

In her statement of facts, Ms. Krause does reference an "attachment" to her brief. This attachment is a letter from her employer to the Division dated November 8, 2004, almost three months after the Commission issued its order that is the basis of Ms. Krause's appeal. Although not entirely clear, given Ms. Krause's reference to this letter and her "argument" above, it appears she is suggesting that she was terminated or discharged, instead of voluntarily leaving work.

■■■ This court need not interpret the meaning of this "attachment." A review of the record on appeal indicates that whether Ms. Krause was discharged was not addressed by the deputy or by the appeals tribunal, nor did Ms. Krause address it at the hearing. The only issue before the Division, the appeals tribunal, and the Commission was whether Ms. Krause was disqualified for unemployment benefits because she voluntarily left work without good cause attributable to the work or the employer. On appeal, we can "only address issues that were determined by the Commission and may not consider issues not before the Commission." *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004). "An appellant that does not file a brief on the issues pertaining to its ap-

peal is deemed to have abandoned that appeal." *Vaughn v. Table Rock Asphalt Constr. Co.*, 984 S.W.2d 215, 216 (Mo.App. S.D.1999).

■ Of course, wherever possible, we prefer to " 'dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief.' " *Nicholson,* 144 S.W.3d at 308 (quoting *Podlesak v. Wesley,* 849 S.W.2d 728, 731 (Mo.App. S.D.1993)). But here, as in *Nicholson,* "the deficiencies in Ms. [Krause's] brief are so substantial that, to conduct any meaningful review, this court 'would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same.' " *Id.* (quoting *Lemay v. Hardin,* 108 S.W.3d 705, 709 (Mo. App. W.D.2003)).

We have no choice but to decline review. We grant the Division's motion to strike Ms. Krause's brief and dismiss the appeal.

SPINDEN, P.J., and NEWTON, J., concur.