Laurie BISHOP, Claimant–Appellant,

v.

METRO RESTORATION SERVICES, INC., Employer–Respondent, and Division of Employment Security, Respondent.

No. 27513.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 2006.

Laurie Bishop, pro se.

Marilyn Green and Cynthia Quetsch, Jefferson City, MO, for Respondent Division of Employment Security.

GARY W. LYNCH, Judge.

Laurie Bishop ("Claimant") appeals a decision of the Labor and Industrial Relations Commission ("Commission") denying her claim for unemployment benefits following her resignation from employment with Metro Restoration Services, Inc. ("Employer"). Following review of the Appeals Tribunal's denial of benefits, the Commission affirmed and adopted the decision of the Appeals Tribunal which concluded that Claimant "did not leave the employment with good cause attributable to the work or to the employer." We dismiss the appeal.

Claimant was Employer's office manager. On August 15, 2005, Claimant was informed by Employer's corporate vice-president, Walter Martin ("Martin"), that an e-mail designating Claimant as the sender had been sent to Martin's wife and daughter at 7:00 a.m. on August 10, 2005. The e-mail contained pictures accessible exclusively from Martin's computer. Martin questioned Claimant regarding what might have occurred to result in the e-mail designating Claimant as the sender. Claimant contended that Martin suspected she was responsible, and Martin denied that Claimant was accused of any wrongdoing, as he knew that Claimant did not arrive for work until 8:00 a.m. on August 10.

The following evening, without any warning or previous discussion with Employer, Claimant left a typewritten letter of resignation on her desk as she left work. The effective date of her resignation was that same day. Her letter was discovered the following morning.

Claimant filed a claim for unemployment benefits, which Employer protested. Initially, a deputy determined that Claimant was not disqualified for benefits. Employer appealed the deputy's determination, and subsequently a hearing was conducted via a telephone conference. Claimant contended that she resigned from her employment as office manager due to a "hostile work environment." Employer claimed

that following an inquiry regarding a "breach into the company computer," Claimant resigned without notice. Employer contended that the situation had been addressed and Claimant was never accused of being involved in the breach.

The Appeals Tribunal reversed the deputy's determination, finding that Claimant did not leave her employment with good cause and that Claimant did not give Employer an opportunity to remedy the situation. Upon review, the Commission affirmed and adopted the decision of the Appeals Tribunal. Claimant filed this appeal.

■■■ On appeal, Claimant appears on her own behalf without the aid or assistance of an attorney, which is referred to in legal proceedings as appearing *pro se.* She has the right to do so. *Hicks v. Div. of Employment Sec.*, 41 S.W.3d 638, 640 (Mo.App.2001). However, we are required to apply the law fairly and impartially to all litigants without regard as to whether a particular litigant is represented by counsel or not. *Id.* This means that the same rules that apply to a party represented by an attorney are also applicable to a *pro se* litigant. *Ragan v. Fulton State Hosp.*, 188 S.W.3d 473, 475 (Mo.App.2006). This ensures that we do not act as an advocate for a party by speculating on facts and arguments that were not asserted. *Id.*

We cannot and will not penalize Claimant for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend Claimant any assistance in prosecuting her appeal because she is not represented by counsel. This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office,[1] our commitment to uphold the rule of law,[2] and the very nature of the adversarial process [3] which requires fair, impartial and disinterested decision makers. We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel.

■■■ Rule 84.04 [4] sets forth the requirements for an appellant's brief. Compliance with the briefing requirements under Rule 84.04 is mandatory, and failure to comply preserves nothing for appellate review. *Hicks*, 41 S.W.3d at 639–40. Claimant's brief is deficient in almost all respects mandated by Rule 84.04.[5]

■■■ The jurisdictional statement does not comply with Rule 84.04(b). Claimant's statement fails to identify what constitutional provision grants jurisdiction of this appeal in the Court of Appeals. *McKee v. Wilmarth*, 771 S.W.2d 955, 957 (Mo.App. 1989). It also fails to identify an appealable order from the Commission which is being appealed. *Id.* Finally, as explicitly required by the rule, it fails to set forth the factual data demonstrating that jurisdiction is vested in our court. Rule

---

1. Mo. Const. Art. 7, § 11

2. Chief Justice Michael A. Wolff, *Law Matters: Why the Rule of Law?*, October 14, 2005, http://www.courts.mo.gov/page.asp?id=1084.

3. *Kimble v. Muth*, Nos. 65880 & 66260, slip op. at 2, —— S.W.3d ——, 2006 WL 3068587 (Mo.App.W.D. Oct. 31, 2006).

4. References to rules are to Missouri Court Rules (2006), unless otherwise indicated.

5. On August 15, 2006, Respondent Division of Employment Security filed its motion to strike Claimant's brief, after which this Court ordered the motion be taken with the case. Subsequently, Respondent Employer moved to join in the Division's motion, which this Court granted on October 12, 2006. In light of the decision rendered herein, the parties' motion to strike is denied as moot.

84.04(b); *McKee,* 771 S.W.2d at 957. This Court is not required to search through court records to discover the jurisdictional basis for Claimant's appeal. *Harrison v. Woods Super Markets, Inc.,* 115 S.W.3d 384, 386 (Mo.App.2003).

■ Next, in violation of Rule 84.04(c), Claimant's statement of facts is argumentative in that it contains only facts favoring Claimant. In addition, some of those alleged facts are outside of the record, which is also in violation of Rule 84.04(c). Further, Claimant failed to provide any specific page references to the legal file or transcript in her statement of facts or in her argument, as required under Rule 84.04(i). " '[T]his requirement is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party[.]' " *Miller v. Help At Home, Inc.,* 186 S.W.3d 801, 807 (Mo.App.2006) (quoting *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App.2004)).

Claimant's brief is also deficient in its failure to include a statement of the applicable standard of review pursuant to Rule 84.04(e). *Harrison,* 115 S.W.3d at 387.

■ Claimant's failure to furnish any citations to applicable authority as support for her claim is a deficiency in violation of Rule 84.04(d)(5). Where an appellant fails to cite relevant authority or fails to explain why none is available, this Court "is justified in considering the point abandoned and dismiss[ing] the appeal." *Jenkins v. Manpower on Site at Proctor & Gamble,* 106 S.W.3d 620, 624 (Mo.App.2003). This is so because were we to independently research and supply legal authority in support of Claimant's appeal, we would be acting as her advocate. *RPCS, Inc. v.*

*Waters,* 190 S.W.3d 580, 589 (Mo.App. 2006).

■ The most egregious deficiency is Claimant's failure to set forth any point relied on. Applicable here, Rule 84.04(d)(2) requires that a point relied on identify the ruling or action challenged, concisely state the legal reasons for the claim of error, and explain why those legal reasons support an appellant's claim. "The purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Harrison,* 115 S.W.3d at 387. Allegations of error not properly briefed "shall not be considered in any civil appeal[.]" Rule 84.13(a).

Nothing in Claimant's brief is denominated as a point relied on. We have searched Claimant's brief in an attempt to ascertain any statements that might satisfy some, if not all, of the requirements of a point relied on. Under a heading designated as "Argument," Claimant requests that this Court "examine the following documents that I find pertinent to this appeal[.]" Each of the next five paragraphs is designated according to five exhibits appended to her brief. Within each paragraph, Claimant discusses or questions certain elements of each exhibit. As we are unable to sufficiently describe Claimant's "argument" in terms which convey the degree of the inadequacy of its content, we set forth the first paragraph of Claimant's argument below, as an example:

> (Exhibit 1) Document—Missouri Division of Employment Security, Deputy's Determination Concerning Claim for Benefits What is the purpose of unemployment insurance? I have worked steadily for the past 30 years, being a loyal and productive employee throughout the years. I have only have [sic]

drawn a few weeks of unemployment in that entire time. Isn't the purpose of unemployment to help out when an employee is forced from their job whether by actual job elimination or by a hostile environment that takes our right to work away? Look at my work record, I do not quit on a whim & then try to draw unemployment! If I had truly believed there was any possible resolution to the "problem" I'd still be being for Metro Restoration. I could not continue coming to work & remain productive knowing Walter thought I had "breached Company security" and the other owners had no plan for resolution.

In the next four paragraphs, Claimant references and debates the significance of four additional exhibits. The next paragraph references Exhibit 2, which is Employer's letter to the Division of Employment Security contesting Claimant's claim. Here, Claimant contends that the letter verifies that she "WAS the suspect" and asks this Court to "pay special attention to the second paragraph ... and determine who other than me is being accused." The third paragraph references Exhibit 3, a print-out of a log listing e-mails received by Employer, and Claimant points to discrepancies regarding the date on which the subject e-mail was sent. The following paragraph references Exhibit 4, Employer's letter to the Commission regarding Claimant's Application for Review, wherein Claimant addresses Employer's alleged contention that "[t]hey had no idea [she] might quit[.]" Finally, the last paragraph references Exhibit 5, which is Claimant's letter of resignation to Employer. Claimant discusses another employee who was a witness to the events of August 15 and asks why that employee was not a witness "for the company appeal."

Of the five referenced exhibits, only Exhibit 3, the log listing the e-mail in ques-

tion, was offered and admitted into evidence in the hearing before the Appeals Tribunal. The Commission did not take any additional evidence in considering the Claimant's appeal of the Appeals Tribunal's decision. Therefore, the other four documents referenced by Claimant were not properly before the Commission and, therefore, cannot be considered on appeal. *See Lusher v. Gerald Harris Constr., Inc.,* 993 S.W.2d 537, 545 (Mo.App.1999) and *Contractors Supply Co. v. L.I.R.C.,* 614 S.W.2d 563, 564 n. 2 (Mo.App.1981).

■ Nothing in Claimant's brief identifies the ruling or action of the Commission which she is challenging; states any legal reasons for a claim of reversible error; or states why, in the context of the case, any legal reason supports any claim of reversible error; all as required by Rule 84.04(d)(2). Without any point relied on in Claimant's brief, Claimant has failed to preserve anything for appellate review. "An appellate court is obliged to determine only those questions stated in the points relied on." *McMillan v. Wells,* 924 S.W.2d 33, 37 (Mo.App.1996).

■ "Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'" *Huffman v. SBC Services, Inc.,* 136 S.W.3d 592, 594 (Mo. App.2004) (quoting *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978)). "It is not the function of an appellate court to search the record to identify possible errors and research any issues so revealed." *Huffman,* 136 S.W.3d at 594. "In fairness to Respondent[s], we cannot become [Claimant's] advocate." *Id.* "Appellate

courts should not become advocates for an appellant by speculating about facts and arguments that have not been made."[6] *Chase v. Baumann Property Co.,* 169 S.W.3d 891, 892–93 (Mo.App.2005).

Whether to dismiss an appeal for briefing deficiencies is discretionary. *Bamber v. Dale Hunt Trucking,* 107 S.W.3d 489, 490 (Mo.App.2003). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits." *Id.* (quoting *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo.banc 1997)). It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief. *Krause v. Assurant, Inc.,* 158 S.W.3d 329, 333 (Mo.App.2005). But here, the deficiencies "are so substantial that, to conduct any meaningful review, this court 'would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same.'" *Id.* (quoting *Lemay v. Hardin,* 108 S.W.3d 705, 709 (Mo.App. 2003)). As such, we find that Claimant's brief impedes the disposition of the appeal on its merits and presents nothing for appellate review. Accordingly, the appeal is dismissed.

BATES, P.J., C.J., and GARRISON, J., concur.

---

**6.** We recognize the challenge facing an unemployed individual seeking unemployment benefits in securing the services of an advocate, i.e. an attorney, to represent them. Some would argue that the effect of this lack of an advocate is particularly inequitable, given the fact that the State provides an attorney to represent the Division of Employment Security when it is seeking to uphold a decision of the Commission denying a claimant benefits. However, the resolution of this perceived inequity does not require abandoning the rule of law, the adversarial process, and a fair and impartial judiciary. Providing an attorney to one party and not another is simply a policy decision which can only be addressed by the legislature.