The FALLS CONDOMINIUMS OWNERS' ASSOCIATION, INC., a Missouri Nonprofit Corporation, Plaintiff–Respondent,

v.

Roger E. SANDFORT and Sonna R. Sandfort, husband and wife, Defendants–Appellants.

No. 28637.

Missouri Court of Appeals, Southern District, Division Two.

July 17, 2008.

Elizabeth A. Marr, Lone Jack, MO, for appellants.

Sherrie N. Hamner, Camdenton, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Roger E. Sandfort and Sonna R. Sandfort ("Appellants") appeal from a judgment by the Circuit Court of Camden County on May 7, 2007, ordering Appellants to pay $13,464.38 in assessments, late fees, attorney's fees, and interest to The Falls Condominiums Owners' Association, Inc. ("Respondent"), as it relates to a property owned by Appellants and a Notice of Delinquent Assessments and Lien filed by Respondent. Appellants raise three points on appeal; however, Appellants' brief significantly fails to comply with the briefing requirements of Rule 84.04[1] of the Missouri Rules of Appellate Procedure. Failure to comply with these rules preserves nothing for appellate review; therefore, the judgment is affirmed.[2]

Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App. W.D.2000). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Id.* (quoting *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. E.D.1999)). This Court notes briefing deficiencies in each portion of Appellants' brief and reply brief, including the jurisdictional statement, the state-

---

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

2. Respondent filed a motion to dismiss the appeal on other grounds. We deny Respondent's motion as moot.

ment of facts, the points relied on, and the argument portion of Appellants' brief.

## Jurisdictional Statement: Rule 84.04(b)

■ Initially, Rule 84.04(b) requires that the jurisdictional statement "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." The jurisdictional statement in this case incorrectly identifies the Appellants and therefore requests that this Court accept jurisdiction over a party that is not a party to this case. Here, the jurisdictional statement identifies appellants as "Golden Glade Land Owners Association, Inc., Gregory D. Williams, and Debra J. Williams"; however, as noted above, the Appellants in this case are actually Roger E. Sandfort and Sonna R. Sandfort. While Rule 84.04(b) does not specifically require that the parties be identified, it should go without saying that incorrectly identifying the parties involved weighs against any determination that proper "factual data" has been asserted to prove jurisdiction.

## Statement of Facts: Rule 84.04(c) and (i)

■ More importantly, Rule 84.04(c) requires that the statement of facts in Appellants' brief "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). These requirements regarding the statement of facts section of an appellant's brief serve to define the scope of the controversy. *Perkel v. Stringfellow*, 19 S.W.3d 141, 146 (Mo. App. S.D.2000).

The statement of facts in Appellants' brief is as follows:

A. Sandforts owned real estate in Camden County, Missouri known as Unit No. E–001 of "East Shore of the Falls Condominium Building E" which was subject to the terms of the "Condominium Declaration for The Falls Condominium" which included the powers, procedures and limitations for monetary assessments against owners. Legal File 14

B. The Board of Directors levied assessments, miscellaneous charges, interest, and late charges against Sandforts beginning on April 1, 2004, continuing up through and beyond the date of trial on April 3, 2007, which included charges for base quarterly dues, reserve dues, cable TV dues, pest control, STP/garage, late fees, attorney fees, spec siding, interest, and 911 signage. Exhibit ("Ex.") 4

C. The Respondent Condo Board filed a lawsuit to collect on the account of the Sandforts on September 15, 2006, the Respondent presented evidence on April 3, 2007 and the Circuit Court entered its judgment on May 7, 2007. Legal File 4 and 25

We find that this statement of facts is insufficient to provide this Court with a scope of the controversy or to afford this Court any understanding of the events in this case. We note specifically in Part A that Appellants identify certain "powers, procedures and limitations for monetary assessments," but clearly fail to explain or include what those powers, procedures and limitations are. In a case where Appellants ask us to review the assessments against them, it is necessary, at a minimum, to inform the court of the specific powers and procedures that the lower court should have considered or followed and what we should review at this level. Part B identifies specific charges that have been levied against Appellants, but fails to

include specific amounts that would be necessary for this Court to properly apply our standard of review. Finally, Part C of Appellants' statement of facts states that Respondent "presented evidence" but fails to identify what evidence was presented. Without a specific recitation of the evidence or the page cites of the evidence that Appellants are asking us to review, this Court has not been afforded an immediate, accurate, complete, and unbiased understanding of the facts of the case.

■ The purpose of a clear and concise statement of facts is to provide this Court with an understanding of the events that have transpired without delving into the record to garner a complete and accurate understanding of the case, which this Court is not obligated to do. *Wilson*, 25 S.W.3d at 667. Here, this Court would be required to scour the record on appeal to acquire even an initial understanding of the events that have transpired. Because of the lack of a proper statement of facts, Appellants' brief is not understandable without scrutinizing the entire record on appeal.

### Points Relied On: Rule 84.04(d)

■ Rule 84.04(d) requires that the points relied on shall state briefly and concisely what actions or rulings of the court are challenged and why, in the context of the case, the legal reasons identified support the claim of reversible error. Rule 84.04(d). "The purpose of these briefing requirements regarding points relied on is to give 'notice to the party opponent of the precise matters which must be contended with and answered' and 'to inform the court of the issues presented for resolution.'" *Perkel*, 19 S.W.3d at 147 (*quoting Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

Appellants' points relied on read:

**First Point Relied On:** The Circuit Court erred in its judgment, ordering Defendant Appellant to pay $8,816.55 for "Assessments" because:

A. The only power of the Condominium Association to impose assessments or charges against the Sandfort owners or to file liens and otherwise collect money from them is pursuant to the strict terms of the written Declaration which is a recorded document related to their real property.

B. There was no evidence that the "Assessments" were made after the procedures of the Declaration had been followed and otherwise in accordance with those procedures regarding the annual distribution of a proposed budget to owners with a subsequent vote thereon, and the calculation of the Sandforts' responsibility for common expenses by the square footage of their unit.

C. The evidence of the "Assessments" against Sandforts by Respondent included improper and additional charges for matters which were not shown to be authorized by the Declaration as Assessments, including, but not limited to, expenses for siding for a building which was not theirs and which were spent for the benefit of fewer than all of the condominium owners.

**Second Point Relied On:** The Circuit Court erred in its judgment, ordering Defendant Appellant $1,100.00 for "Late fees," and $1,477.67 for "Attorney fees," and $2,070.16 for "Interest" (to date of judgment) with Interest of 18% per annum on $8,816.55 (from date of judgment) and Interest at 9% per annum (from date of judgment) because:

A. Late Fees, Attorney fees and Interest amounts are not due or owing and may not be ordered unless and until there are valid and enforceable

assessments, and there was insufficient evidence of valid and enforceable assessments against the Sandforts.

**Third Point Relied On:** The Circuit Court erred in entering its judgment against Sandforts because:

A. The Respondent failed in its burden of proof at trial to present sufficient evidence of authorized assessments,

B. The Respondent failed in its burden of proof at trial to present sufficient evidence of the reasonableness of the other charges and expenses on account it alleged against Sandforts,

C. The Court made incorrect legal conclusions from the few facts it had before it.

Appellants' points do not satisfy the minimum requirements of Rule 84.04(d). The points relied on asserted by Appellants are at the very least incoherent, and unquestionably neither brief nor concise. The points set out specific allegations of trial court error but do not support the claim of error with legal reasons or explain how the case specific details support the legal reasons. Moreover, each of the three points relied on assert facts not stated in the statement of facts and assert conclusions of law without support of any facts of the case to suggest why, legally, the court erred. The requirements of Rule 84.04(d) are not satisfied. In order to review Appellants' points this Court would be required to speculate, research, and make decisions as an advocate; this is an inappropriate role for an appellate court. *McKee v. Wilmarth*, 771 S.W.2d 955, 957 (Mo.App. W.D.1989).

### Argument: Rule 84.04(e) and (i)

■ Rule 84.04(e) requires that the argument section shall, in order, restate the points relied on and discuss under each point the argument relating to such point. Rule 84.04(e). The argument is limited to only those errors asserted in the points relied on. *Id.* "The argument shall also include a concise statement of the applicable standard of review for each claim of error." *Id.* Additionally, "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(i).

The argument portion of Appellants' brief fails to sufficiently advise this Court of the contentions asserted or the merits of the appeal. To begin with, the brief states Appellants' "First Point Relied On," which does not match any of the points relied on stated earlier in the brief. Initially, Appellants indicate that they have three points relied on, however, in the argument portion of the brief Appellants only restate point one, and as previously noted, restate it incorrectly. Hence, there is no argument for points two and three and this Court could not even address those points. Moreover, the arguments asserted under point one exceed what is set forth in any of the points relied on. Furthermore, the assertions made are not supported by page references to the legal file or transcript as mandated by Rule 84.04(i), again requiring this Court to search the legal file in an attempt to make sense of the arguments asserted. For these reasons, Appellants' brief does not sufficiently advise this Court of the arguments asserted on appeal, and thus the argument section fails to comply with Rule 84.04(e).

Because Appellants' brief fails to comply with Rule 84.04(c), (d), (e), and (i), it presents nothing for appellate review. *Mace v. Daye*, 17 S.W.3d 154, 156 (Mo.App. W.D. 2000). Accordingly, we affirm the judgment of the trial court.

LYNCH, C.J., BURRELL, P.J., concur.