

# In the Missouri Court of Appeals Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ANTONIO BRYANT, | ) | ED102374 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Terry Cundiff |
| A & P AUTO SALES, LLC., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: December 8, 2015 |

Antonio C. Bryant ("Appellant") appeals from the trial court's Order and Judgment favoring A & P Auto Sales, LLC ("Defendant"), following a bench trial. We dismiss the appeal.

Appellant filed a claim in the small claims court of the Circuit Court of St. Charles County against Defendant for allegedly selling him an unsafe used vehicle in December 2013, while knowing the vehicle needed repairs and failing to make the repairs as promised. During trial, evidence was adduced that Appellant signed a notice that the vehicle was sold "as is" and that Defendant paid for and provided a third inspection when Appellant brought the car back to Defendant within 13 days of the sale. The trial court ruled in favor of Defendant on November 18, 2014, and Appellant appealed to this Court.

Appellant appears on his own behalf without the assistance of an attorney, just as he did at trial. He has the right to do so. Bishop v. Metro Restoration Servs., Inc., 209 S.W.3d 43, 45 (Mo. App. S.D. 2006). He is, however, still bound by the same rules as a party represented by an attorney. Id. A *pro se* appellant, such as the claimant here, must comply with the rules of appellate procedure. Houston v. Weisman, 197 S.W.3d 204, 205 (Mo. App. E.D. 2006). We do not grant *pro se* appellants preferential treatment regarding compliance with those rules. Thornton v. City of Kirkwood, 161 S.W.3d 916, 919 (Mo. App. E.D. 2005). Although we are mindful of the problems faced by *pro se* litigants, we must require *pro se* appellants to comply with these rules; this Court cannot relax its standards merely because one is a non-lawyer. Brown v. Ameristar Casino Kansas City, Inc., 211 S.W.3d 145, 146 (Mo. App. W.D. 2007); Hicks v. Div. of Employment Sec., 41 S.W.3d 638, 640 (Mo. App. S.D. 2001). This is not due to lack of sympathy, but rather "it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." Thornton, 161 S.W.3d at 919; Hicks, 41 S.W.3d at 640.

Rule 84.04[1] sets forth the requirements for the contents of an appellant's brief. The rule requires an appellant's brief to have a fair and concise statement of the facts; a Point Relied On that identifies the ruling challenged, sets forth concisely the legal reasons for the claim of error, explains why the reasons support a finding of error, and is followed by a list of authorities upon which the appellant relies; and an argument section that discusses the point relied on and contains the applicable standard of review.

"Failure to provide a fair and concise statement of the facts that complies with Rule 84.04(c) is a basis for dismissal of the appeal." Duncan-Anderson v. Duncan, 321 S.W.3d 498, 499 (Mo. App. E.D. 2010). Appellant's statement of facts is argumentative in that it compares

---

[1] All rule references are to Missouri Supreme Court Rules as updated through 2013.

the current case to that of a vehicle recall for faulty ignitions that received national attention. Appellant emphasizes the injustice in subjecting a driver to an unsafe vehicle rather than presenting the facts as they are found only in the record on appeal. Appellant fails to support each of his factual statements with citations to the legal file or transcript, and refers to matters not in the record. Rule 84.04(i); see, e.g., Johnson v. Buffalo Lodging Assocs., 300 S.W.3d 580, 581 (Mo. App. E.D. 2009) ("Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.")

Next, we find that Appellant's brief violates Rule 84.04(d), which requires that points relied on state briefly and concisely what actions or rulings of the court are challenged and why, in the context of the case, the legal reasons identified support the claim of reversible error. Rule 84.04(d). Appellant's first Point Relied On states:

> The Circuit Court of St. Charles County, Missouri, Associate Circuit Transfer Judge Division erred in concluding [Defendant's] selling of a properly registered vehicle, because the vehicle was not safe to drive, the safety and emissions inspection expired, and the vehicle failed inspection. It is hearsay that [Defendant] had the vehicle properly inspected. Therefore, [Defendant] should be held accountable."

A second point states:

> The Circuit Court of St. Charles County, Missouri, Associate Circuit Transfer Judge Division erred in concluding [Defendant's] selling of a properly registered vehicle, because Asa Hovis said to me in phone conversations and text messages the repairs will be fixed on the Eclipse. The repairs were not fixed. I, [Appellant] had Charbonier Service fix the repairs. Therefore, [Defendant] should be held accountable for the repairs to the Eclipse, court costs, pain and suffering, etc.

"The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to

3

inform the court of the issues presented for resolution." <u>Thompson v. Flagstar Bank</u>, 299 S.W.3d 311, 315 (Mo. App. S.D. 2009) (quotation omitted). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." <u>Nelson v. Nelson</u>, 195 S.W.3d 502, 514 (Mo. App. W.D. 2006).

We are unclear as to what action of the trial court these points attempt to challenge or what legal reasons support Appellant's claim of reversible error. Our best guess, after reviewing the entirety of the briefs and record, is that Appellant wished to submit into evidence at trial excluded hearsay evidence of repairs and inspection performed at Charbonier Service as well as what was said in phone conversations and text messages with Defendant regarding repairs. This Court has reached beyond its limits to understand Appellant's points on appeal and should avoid the speculation required to rule on the merits of this appeal. Appellant's failure to comply with Rule 84.04(d)'s requirements governing points on appeal warrants dismissal of his appeal. <u>See</u>, <u>id.</u>

Finally, the argument section of Appellant's brief fails to comply with Rule 84.04(e), and likewise preserves nothing for review. Rule 84.04(e); <u>see</u> <u>In re Marriage of Smith</u>, 283 S.W.3d 271, 275 (Mo. App. E.D. 2009). The argument section fails to state the applicable standard of review for any claim of error. It is insufficient in that it does not explain why, in the context of the case, the law supports the claim of reversible error. <u>See</u> e.g., <u>Washington v. Blackburn</u>, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009). If in fact Appellant is arguing that his evidence was not inadmissible hearsay and that certain evidence was admissible at trial, Appellant fails to explain how the law supports such claim.

"To determine whether Appellant is entitled to relief would require us to decipher [his] points, issues, and arguments, placing this court in the untenable position of acting as Appellant's advocate." Duncan-Anderson, 321 S.W.3d at 500. We therefore dismiss Appellant's points.

### Conclusion

Appellant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for review. See, e.g., Johnson, 300 S.W.3d at 582. Accordingly, the appeal is dismissed.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., Concurs.
Mary K. Hoff, J., Concurs