Sharron K. TESSMER, Respondent,

v.

Tyrone TESSMER, Appellant.

No. 42216.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
March 9, 1981.

Hale W. Brown, Kirkwood, for appellant.

Kenneth H. Graeber, St. Louis, for respondent.

CRIST, Presiding Judge.

Dissolution proceeding. The trial court dissolved the marriage, divided the marital property, awarded custody of the son to the wife, apportioned marital debts and awarded attorney fees to wife. Husband appeals

claiming the decree favors wife because he was not allowed to testify on his behalf at trial. We disagree and affirm.

Wife filed her petition on February 10, 1977. On September 15, 1977, she filed a motion for temporary maintenance, support money, attorney fees, suit money and costs pendente lite. This motion was heard on April 17, 1978. Wife testified but husband refused, invoking his privilege against self-incrimination. Subsequently, wife moved to have husband's pleadings requesting affirmative relief stricken. On January 19, 1979, this motion was sustained. See, *Franklin v. Franklin*, 283 S.W.2d 483, 486 (Mo.banc 1955).

Trial on wife's petition began on April 16, 1979. Wife's evidence consisted of her testimony and the introduction of documents. At the conclusion of wife's evidence, husband took the witness stand. Wife objected to husband's testifying. Her objection was grounded in husband's refusal to testify at the earlier proceedings and in the court's previous order striking his affirmative pleadings. Wife contended that husband's failure to testify denied her the opportunity to examine him at that time and having taken the Fifth Amendment, husband could not later waive the privilege. The objection was sustained. Husband then offered an income and expense statement. Wife again objected because of husband's earlier refusal to testify and the exhibit was denied.

Husband claims he was entitled to testify, at least to make a general denial, because the pre-trial order prevented only his seeking affirmative relief. The issue presented for review is whether the trial court erred in restricting husband's right to testify. We find no error.

■ Wife's objection was broad enough to enable the court to exclude husband's proffered testimony and evidence. The Fifth Amendment privilege against self-incrimination is a two edged sword. "Once the privilege has been invoked to preclude discovery, trial courts have the power not to allow the defendant to change his position and testify at trial to his benefit." *State ex rel. Pulliam v. Swink*, 514 S.W.2d 559, 561 (Mo.banc 1974); see, *Kingsley v. Kingsley*, 601 S.W.2d 677, 679 (Mo.App.1980).

■ Wife complains that husband's final point preserves nothing for review. We agree. It reads:

THE COURT ERRED IN NOT CAUSING TO BE TAKEN FULL STENOGRAPHIC NOTES OF THE ORAL EVIDENCE AND THE OBJECTIONS TO SAME, AND THE RULINGS OF THE COURT THEREON, THEREBY DEPRIVING THE APPELLANT OF HIS RIGHT TO AN APPEAL ON THE COMPLETE RECORD OF THE CIRCUIT COURT.

It is an abstract statement of fact which does not state wherein and why the failure to take stenographic notes is erroneous nor does it reveal any prejudice to husband. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978). Despite these shortcomings, we have gratuitously searched the briefs and record. We find no reversible error. Husband has failed to demonstrate any irregularity resulting in prejudice. See, *Huffman v. State*, 451 S.W.2d 21, 23–24 (Mo.1970). Hearings on pre-trial motions may, or may not, be transcribed. *Daugherty v. Lanning-Harris Coal and Grain Co.*, 265 S.W. 866, 874 (Mo.App. 1924). There is no showing of whether a record of pre-trial motions was made. The parties have a duty to preserve and present the record on appeal. Nothing in the record reveals any attempt by husband to make or preserve a record of the pre-trial motion.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.