Dan P. **SCHROEDER** and Linda L. Schroeder, husband and wife and Mark A. Schroeder, Respondents,

v.

Gloria D. **PROCTOR,** Marvin E. Proctor and Virgle E. Farris and Wanda J. Farris, Trustees under The Virgle E. Farris and Wanda J. Farris Revocable Trust, Appellants.

No. WD 69479.

Missouri Court of Appeals, Western District.

Feb. 17, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 2009.

Application for Transfer Denied May 5, 2009.

Mark Wood Comley, Jefferson City, MO., for appellant.

Jonathan C. Browning, Jefferson City, MO., for respondent.

Before LISA W. HARDWICK, P.J., JAMES SMART and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Virgle and Wanda Farris and Marvin and Gloria Proctor appeal the judgment of the trial court denying their claim of adverse possession. On appeal, the Farrises and Proctors assert that the trial court erred in entering judgment in favor of Dan and Linda Schroeder because (1) possession of the disputed property satisfied the "hostile" requirement of adverse possession; and (2) possession of the disputed property was "open and notorious" as required under the adverse possession doctrine.

## Background

The parties are all owners of adjacent property in Cole County, Missouri. Marvin E. and Gloria Proctor own property ("Proctor Property") to the south of property owned by Dan and Linda Schroeder ("Schroeder Property"). Virgle and Wanda Farris own property ("Farris Property") to the west of the Schroeder Property.

The Proctors acquired their property in 1964. The Proctor Property is fully enclosed by fences, one of which extends east and west on the northern part of the Proctor Property and on the southern part of the Schroeder Property. This fence has been in the same location over seventy years. Mr. Proctor believes the fence line

is the boundary line between the Proctor and Schroeder Properties.

The Farrises also bought their property in 1964, at which time there was a fence extending north and south located on the eastern side of the Farris Property and on the western part of the Schroeder Property. The fence had been in place before the Farrises bought the property, and Mr. Farris believes the fence between the Farris Property and the Schroeder Property is the boundary line between the two properties.

In 1967, Dan and Linda Schroeder purchased about ninety acres of property in Cole County located in Section 33, Township 43, Range 14. Prior to purchasing the property, the Schroeders walked the property and observed a fence line on the western side of the property ("West Fence"). The fence was in disrepair and was unusable. The Schroeders also observed a fence line on the southern side of the property ("South Fence"). This fence was crooked but usable. These are the two fences asserted by the Farrises and the Proctors to be the boundary lines between their properties and the Schroeder Property. The deed and record title description of the Schroeder Property stated that the Schroeder Property was bound by section lines. Because Mr. Schroeder thought the section lines referred to in the deed would be straight, he never considered the fence lines to be the boundaries of his property. The Schroeders did not order a survey of the property.

Both the Farrises and the Schroeders have periodically maintained and made repairs to the West Fence. Similarly, both the Proctors and the Schroeders have maintained and made repairs to the South Fence.

A boundary survey of the Schroeder Property conducted in 2006 revealed that the West Fence and South Fence were not situated on the section lines of the Schroeder Property. The southern section line of the Schroeder Property is located in an area ("Southern Disputed Property") the Proctors believe they own. Similarly, the western section line of the Schroeder Property is located in an area ("Western Disputed Property") the Farrises believe they own. In October 2006, the Schroeders filed suit to quiet title. The Farrises and Proctors answered and counterclaimed, seeking title by adverse possession. After a trial before the court, the court entered judgment in favor of the Schroeders and against the Proctors and Farrises.

This appeal followed.

## Standard of Review

In a court-tried case involving a quiet title action, "review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence and the trial court did not erroneously declare or apply the law." *Kohler v. Bolinger*, 70 S.W.3d 616, 619 (Mo.App. W.D.2002). All evidence and inferences are viewed in the light most favorable to the judgment, and all contrary evidence and inferences are disregarded. *Ortmann v. Dace Homes, Inc.*, 86 S.W.3d 86, 88 (Mo.App. E.D.2002). We defer to the trial court's determinations regarding witness credibility. *Id.* at 88–89.

## Discussion

To prevail on a claim of adverse possession, the party claiming adverse possession must prove that the possession was: (1) hostile, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for a period of ten years. *Kohler*, 70 S.W.3d at 619. In the case *sub judice*, the Proctors and Farrises claim the trial court

erred in finding that they did not satisfy the "hostile" and "open and notorious" requirements of adverse possession. Because we agree with the trial court's finding that the Proctors and Farrises did not prove that their possession was open and notorious, we will not address the issue of hostile possession.

 Open and notorious possession "is satisfied by visible acts of ownership exercised over the premises, such as maintaining and improving the property." *Lancaster v. Neff,* 75 S.W.3d 767, 772 (Mo. App. W.D.2002)(quotation marks and citation omitted). It "is demonstrated by showing that the occupancy on the disputed property was conspicuous, widely recognized, and commonly known." *Bowles v. McKeon,* 217 S.W.3d 400, 405 (Mo.App. S.D.2007). "This requirement exists to ensure that the legal owner had cause to know of the adverse claim of ownership by another." *Id.* When the land in question "is wild, undeveloped and covered in woods and hills" what is required to satisfy the "open and notorious" element may very well be increased. *Luttrell v. Stokes,* 77 S.W.3d 745, 749 (Mo.App. S.D.2002).

The Proctors and Farrises argue there is ample evidence that they "exercised acts of ownership over the property by maintaining the fence lines, growing crops, baling hay and grazing cattle." The problem with this assertion, however, is that many of these acts of ownership did not occur in either the Western Disputed Property or the Southern Disputed Property. At trial, Mr. Schroeder testified that the Western Disputed Property was not farmable and described the property as hilly, rocky, and wooded. Mr. Schroeder also described the Southern Disputed Property as being sloping, partially wooded, and full of brush. While Mr. Schroeder did not dispute observing cattle on the disputed properties, he denied having ever observed any farming, haying, or harvesting of timber.

In his trial testimony, Mr. Farris admitted that the Western Disputed Property is wooded and full of brush. He stated that he never farmed, harvested timber, grew or baled hay, or hunted in the disputed area. Mr. Farris simply testified that cattle would wander in and out of the area. The same is true for the Proctors. Mrs. Proctor testified that the Southern Disputed Property is wooded and that the Proctors did graze cattle in the area. She admitted, however, that neither she nor Mr. Proctor had ever planted crops in the Southern Disputed Property.

 It has generally been held that "maintenance of a non-boundary fence and allowing cattle to have access to undeveloped land, while evidence of possession, are not sufficient in themselves to establish adverse possession." *Harris v. Lynch,* 940 S.W.2d 42, 46 (Mo.App. E.D. 1997). When combined with acts of clearing, cultivating, and raising crops, maintenance of fences and grazing of cattle may establish adverse possession. *Id.* at 47. Both the Proctors and Farrises admitted at trial, however, that they did not cultivate, raise crops, or cut timber in the Southern and Western Disputed Properties. There must be action taken to "put a reasonable property owner on notice than an adversarial claim on ownership is being made." *Luttrell,* 77 S.W.3d at 749. The trial court, having found the Western and Southern Disputed Properties to be unimproved and in the nature of "wild lands," determined that the Proctors' and Farrises' possession was not "open and notorious so as to put [the Schroeders] on notice of [the Proctors' and Farrises'] claims." We will not disturb the trial court's conclusion. *See Ortmann,* 86 S.W.3d at 88.

## Conclusion

The trial court's judgment that the Proctors and Farrises did not satisfy the "open

and notorious" element of adverse possession was not against the weight of the evidence. Accordingly, we must affirm.

All concur.