Timothy A. **BELDEN**, Respondent,

v.

Steve **DONOHUE**, Appellant.

No. SD 30000.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 2010.

Motion for Rehearing or Transfer
Denied Oct. 20, 2010.

Application for Transfer Denied
Dec. 21, 2010.

R. Lynn Myers, Springfield, for Appellant.

Stuart H. King, Springfield, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Steve Donohue ("Appellant") appeals the Judgment of the trial court entered in favor of Timothy A. Belden ("Respondent") which granted Respondent's request to quiet title in certain property purchased by him under a sheriff's deed pursuant to execution. Appellant asserts three points of trial court error. We affirm the Judgment of the trial court.

Viewing the record in the light most favorable to the trial court's judgment, *Schroeder v. Proctor*, 280 S.W.3d 724, 726 (Mo.App.2009), the record reveals that Re-

spondent and his wife, Paula Annie Belden ("Ms. Belden"), were divorced on April 30, 2004. In its judgment the dissolution court ordered the implementation of the parties' property settlement agreement that provided that the parties would hold the marital home at 2865 East Catalpa ("the Property") in Springfield, Missouri, as tenants in common for one year,

> or until [Ms. Belden] acquire[d] a loan in her own name (whichever comes first). However, if [Ms. Belden] is not able to assume the balance of the existing loan or is not able to attain a loan in her own name entirely, the [P]roperty will remain tenants in common until the sale of the [P]roperty, the proceeds thereof will be equally divided, after expenses among the parties.

The Property was valued at approximately $125,000.00.

As best we discern the dissolution decree was thereafter modified at the request of Respondent in January 18, 2007. It was adjudged that Ms. Belden pay Respondent additional child support and this judgment became a lien on Ms. Belden's undivided interest in the Property. Respondent's attorney, James R. Royce ("Mr. Royce"), was also awarded a judgment against Ms. Belden for attorney fees in the amount of $6,150.00, which also became a judgment lien on the Property. These judgment liens attached to the Property on January 18, 2007. *See* § 511.350.1 and § 511.360, RSMo Cum.Supp.2002.

On April 6, 2007, Appellant, who was apparently romantically involved with Ms. Belden, loaned Ms. Belden $68,324.00, which was then memorialized by a promissory note secured by the lien of a deed of trust upon the Property and which was recorded at the office of the Recorder of Deeds of Greene County, Missouri.

According to the trial transcript in this matter, on May 30, 2007, two writs of execution were issued by the trial court upon application by Respondent and Mr. Royce. Thereafter, "notices of levy" were issued levying upon Ms. Belden's interest in the Property. A certified copy of the affidavit of mailing filed by the Sheriff's office showing notice of the Property's sale was sent to Ms. Belden at her last known address, which was the mailing address for the Property.[1] On July 3, 2007, Ms. Belden's interest in the Property was auctioned off at a sheriff's sale. At the time of the auction, the Property was encumbered by the following liens: a "mortgage"[2] and a home equity loan held by Bank of America in an unknown amount; Respondent's judgment lien in the amount of $28,471.69; Mr. Royce's judgment lien in the amount of $6,909.63; and Appellant's lien of $68,324.00. Respondent purchased Ms. Belden's interest at the Sheriff's sale and the Sheriff of Greene County thereafter signed a "SHERIFF'S DEED UNDER EXECUTION" in favor of Respondent and this deed was timely recorded. According to Respondent, at that time he was unaware of Appellant's deed of trust encumbering the Property.

On September 20, 2007, Respondent filed his "Petition to Quiet Title" against Appellant in which he asserted that the "Sheriff's sale of July 3, 2007[,] extinguished any purported lien created by [Appellant's] April 4, 2007[,] deed of trust. . . ." As such, Respondent contended Appellant "holds no right, title or interest in or claim against the [Property]" and because the deed of trust created a cloud upon Respondent's title, he requested the trial court quiet title to the Property in Respondent.

The trial court entered its Judgment on July 17, 2009, in which it declared Respondent to be "the owner in fee simple" of the Property. The trial court also found that any interest Appellant may have had in the Property per his deed of trust "was extinguished by the sale of the Property by the Sheriff of Greene County, Missouri[,] under Writ of Execution on July 3, 2007." The trial court also ordered Appellant to pay costs in the amount of $516.95. This appeal followed.

■ Our standard of review in quiet title actions is the same as in other court-tried cases and it is well established that such review is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *McCord v. Gates,* 159 S.W.3d 369, 373 (Mo. App.2004). We must affirm the judgment if it is supported by substantial evidence, it is not against the weight of the evidence, and the trial court did not erroneously declare or apply the law. *Schroeder,* 280 S.W.3d at 726. In reviewing the trial court's judgment "[a]ll evidence and inferences are viewed in the light most favorable to the judgment, and all contrary evidence and inferences are disregarded." *Id.* Further, "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses upon appellate review of a case tried without a jury . . ." and the "trial court is vested with the discretion to believe or disbelieve all, part, or none of any witness' testimony." *McCord,* 159 S.W.3d at 373. "Plaintiffs in a quiet title suit must succeed on the strength of their own title and if they fail to prove, prima facie, that they hold

---

1. At trial Ms. Belden's counsel acknowledged that Ms. Belden was not contesting that the sale was ineffective as to her, and the trial court observed that "she does not contest the execution was effective as against her."

2. This encumbrance was variously described as a "mortgage" and/or a "deed of trust" in the testimony at trial.

record title, their cause must fail." *Id.* at 374.

■ In his first point relied on, Appellant maintains the trial court erred in ruling in Respondent's favor because state law requires "that the writ of execution state the date of the judgment and the judgment upon which the execution is based...." Specifically, he asserts "the judgment upon which Respondent['s] ... title is based was the original dissolution decree of April 30, 2004[,] in which [neither] [Respondent] nor [Mr.] Royce were ... awarded damages." We note, however, that the issue raised under this point relied on was not pled by Appellant in the pleadings nor was it raised at trial. " 'An issue raised for the first time on appeal and not presented to or decided by the trial court is not preserved for appellate review.' " *Poe v. Mitchener,* 275 S.W.3d 375, 382 (Mo.App.2009) (quoting *Care and Treatment of Burgess v. State,* 72 S.W.3d 180, 184 (Mo.App.2002)). Point I is denied.

■ In his second point relied on, Appellant asserts the trial court erred in ruling in favor of Respondent because

> Missouri law states that homestead property is absolutely exempt from execution and the exemption is self-enforcing if the property has no equity value after all liens, judgments and the homestead exemption is compared to its value before execution in that this property had liens, judgments and the homestead exemption of $178,204[.00] at the low end and $198,204[.00] at the high end and was valued at little over $125,000.00 at the time of the execution.

As with Point I above, this issue was likewise not raised in the trial court and this Court is unable to find the phrase "homestead exemption" in any of the pleadings or the trial testimony presented by the parties. Complaints on appeal must have been raised before the trial court; otherwise, such issues present nothing for our review. *See id.* Point II is denied.

■ In his third point relied on, Appellant maintains the trial court erred in ruling in Respondent's favor because "Missouri law does not allow a writ of execution to set aside a prior deed of trust lien without notice to that lien holder...."

Section 511.350.1, RSMo Cum.Supp. 2003, provides that

> [j]udgments and decrees entered by the ... circuit court ... by any circuit court and any probate division of the circuit court ... shall be liens on the real estate of the person against whom they are entered, situate in the county for which or in which the court is held.[3]

Regarding the commencement and duration of such judgment liens, section 511.360, RSMo Cum.Supp.2002, sets out in pertinent part that

> [t]he lien of a judgment or decree shall extend as well to the real estate acquired after the rendition thereof, as to that which was owned when the judgment or decree was rendered. Such liens shall commence on the day of the rendition of the judgment, and shall continue for ten years, subject to be revived as herein provided....

3. Section 511.350.2, RSMo Cum.Supp.2004, likewise, provides that

[j]udgments and decrees rendered by the associate divisions of the circuit courts shall not be liens on the real estate of the person

against whom they are rendered until such judgments or decrees are filed with the clerk of the circuit court pursuant to sections 517.141 and 517.151.

Based on the foregoing statutory provisions, Respondent's judgment lien as well as the judgment lien in favor of Mr. Royce attached to the Property in question on January 18, 2007. As best we discern from the record, at that time the only other senior liens against the Property were the "mortgage" and a home equity loan in favor of Bank of America.[4]

Thereafter, on April 6, 2007, Appellant filed his deed of trust showing the Property as security. Then on May 30, 2007, execution and levy documents were issued and Ms. Belden seasonably received notice of the forthcoming Sheriff's sale. The Sheriff's sale was then held on July 3, 2007.

Regarding the sale of real property by a county official, Rule 76.16[5] sets out in part that "[n]otice of a sale of land under execution shall be published in each county in which any of the land to be sold is located."[6] Further, Rule 76.17 provides that notice must be provided to the party whose property is the subject of the levy:

> [a]t least thirty days before the sale of land the judgment creditor shall serve a notice of sale on the person whose land is levied upon by personal service or by mailing a copy thereof to the person's last known address.

Service may be shown by acknowledgement of receipt, written return of service, or by affidavit or by written certificate of counsel making such mailing.

Proof of service shall be filed in the court.

Additionally, there are statutory provisions regulating notice in a Sheriff's sale. For example, section 513.205, RSMo 2000, provides that

> [w]hen real estate shall be taken in execution by an officer, it shall be his duty to expose the same to sale at the courthouse door, having previously given twenty days' notice of the time and place of sale, and what real estate is to be sold and where situated, by advertisement in some newspaper printed in the county ... and if not, by at least six printed or written handbills, signed by such sheriff, and put up in public places in different parts of the county; and the printer's fee for such advertisement shall be taxed and paid as other costs....

This Court finds no statute or rule which requires that notice of a Sheriff's sale be provided to other lienholders, especially those whose interests are junior to the interest which is the catalyst for the Sheriff's sale.[7] Nor has Appellant furnished

---

**4.** As best we discern, after his purchase of the entire interest in the property at issue Respondent assumed the entire indebtedness to Bank of America and continued making payments in a timely manner.

**5.** All rule references are to Missouri Court Rules (2007).

**6.** It is undisputed that notice was properly published in this matter.

**7.** We do note that pursuant to section 443.325, RSMo 2000, that "[a]ny person desiring notice of sale under any deed of trust or mortgage with power of sale upon real property may, at any time subsequent to recordation of such deed of trust or mortgage, cause

to be filed for record ... a duly acknowledged request for such notice of sale." Likewise, section 443.310, RSMo 2000, provides that

> [a]ll sales of real estate under a power of sale contained in any mortgage or deed of trust executed after August 28, 1989, shall be made in the county where the land to be sold is situated, and not less than twenty days' notice of such sale shall be given, whether so provided in such mortgage or deed of trust or not....

These statutory provisions, of course, have no application to the factual scenario in the instant matter involving a levy and execution pursuant to judgment.

this Court with any citation of authority to this effect. Indeed, at trial, counsel for Appellant admitted "[t]here is no statute [requiring notice to Appellant in this matter], but if [Respondent] wants to take the property free of [Appellant's] lien, he's got to give [him] notice." [8]

■ This Court determines there was no requirement that Respondent or any public official was required to provide notice to Appellant, a junior lienholder, of the execution proceedings. "A sheriff's deed duly executed and delivered relates back and conveys title as of the inception of the lien of the execution or judgment, except as to intervening innocent purchasers— purchasers without notice." *Decker v. Evans*, 221 S.W.2d 127, 129 (Mo.1949). Appellant, of course, did not enjoy the status of a "purchaser without notice." The trial court did not err in quieting title to the Property in Respondent and extinguishing Appellant's deed of trust. Point III is denied.

The Judgment of the trial court is affirmed.

LYNCH, J., and RAHMEYER, P.J., concur.

---

8. Further, as best we discern, Appellant makes no argument that he was without actual notice of Respondent's judgment and resulting lien.