

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| SUGAR RIDGE PROPERTIES, | ) | |
| | ) | |
| Plaintiff/Appellant/Respondent, | ) | |
| | ) | |
| vs. | ) | Nos. SD33541, SD33542, |
| | ) | and SD33543 |
| GEORGE W. MERRELL IV, | ) | |
| | ) | Filed April 11, 2016 |
| Defendant/Respondent/Cross-Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLACK ISLAND FARMS, L.L.C., | ) | |
| | ) | |
| Intervenor/Respondent/Cross-Appellant. | ) | |

### APPEALS FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable Fred W. Copeland, Circuit Judge

AFFIRMED

Sugar Ridge Properties ("Sugar Ridge") filed a Petition in Action to Determine and Quiet Title against George Merrell IV, alleging that it was the owner in fee simple of a real estate parcel in Pemiscot County. Black Island Farms, LLC (referred to individually as "Black Island Farms" and collectively with Merrell as "Respondents"), intervened. Merrell and Black Island Farms each counterclaimed for damages based on Sugar Ridge's actions in excluding them from the land. The trial court granted judgment in favor of Respondents and all parties appeal.

1

Because none of the parties' claims preserved anything for our appellate review, the judgment is affirmed.

## Standard of Review

> Our standard of review in quiet title actions is the same as in other court-tried cases and it is well established that such review is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *McCord v. Gates,* 159 S.W.3d 369, 373 (Mo.App.2004). We must affirm the judgment if it is supported by substantial evidence, it is not against the weight of the evidence, and the trial court did not erroneously declare or apply the law. In reviewing the trial court's judgment [a]ll evidence and inferences are viewed in the light most favorable to the judgment, and all contrary evidence and inferences are disregarded. Further, [d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses upon appellate review of a case tried without a jury ... and the trial court is vested with the discretion to believe or disbelieve all, part, or none of any witness' testimony. Plaintiffs in a quiet title suit must succeed on the strength of their own title and if they fail to prove, prima facie, that they hold record title, their cause must fail.

*Belden v. Donohue*, 325 S.W.3d 515, 517-18 (Mo.App. 2010) (internal citations and quotations omitted). The trial court's judgment is presumed correct, and the burden is on an appellant to demonstrate its incorrectness. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. 2010).

## Factual and Procedural Background

Merrell conveyed his interest in a farm, described as "[t]he West Half of the Northeast Quarter of Section Fourteen (14), Township Eighteen North (18N) Range Twelve (12E)[,]" (the "Farm") by general warranty deed dated and recorded on February 25, 2011, to DHJ Farms, LLC ("DHJ Farms"). On that same day, DHJ Farms conveyed the Farm by general warranty deed to Sugar Ridge, a general partnership.

At the time Merrell conveyed his interest in the Farm to DHJ Farms, Merrell also owned an adjacent 3.63-acre parcel situated in the Southeast Quarter of Section 14, specifically

2

described as: "NE ¼, W ½, SE ¼ Section Fourteen (14) lying North of Interstate 155[1] right of way, all contained in Section Fourteen (14), Township Eighteen (18), Range Twelve (12)."

By written agreement dated December 21, 2011, Merrell leased the 3.63-acre parcel to Black Island Farms and Timmy Anderson for agricultural purposes for an initial five-year term, which was renewable at the option of lessees for another five-year period, at an annual rent of $750. Black Island Farms leased the tract from Merrell for the purpose of cultivating elderberry crops and plant stock.

After Sugar Ridge acquired the Farm, however, it proceeded to plant and farm cotton on Merrell's 3.63-acre parcel. By letter dated April 2, 2012, Merrell requested that Sugar Ridge "cease and desist all activity" on his property, advising that the parcel at issue was his property and had been leased to Black Island Farms.

On March 27, 2012, Sugar Ridge filed the instant action petitioning to quiet title to real property it described as "[t]hree (3) acres located in Section 14, Township 18 North, Range 12 East[]" in Pemiscot County, naming Merrell as defendant. Sugar Ridge alleged that when it purchased property from DHJ Farms on February 25, 2011, the legal description contained in the general warranty deed omitted the three-acre tract. Sugar Ridge further alleged "no one is in possession of said property adversely to" Sugar Ridge, "and no one is claiming title to the property adversely to" Sugar Ridge. Sugar Ridge, through counsel, applied for service by publication, falsely alleging that the last-known address of the defendant was "unknown." Legal notice was published in The Steele Enterprise, a weekly newspaper, for four consecutive issues beginning April 12, 2012. After Merrell failed to answer or defend the action brought against him within forty-five days, a default judgment was entered against him on June 5, 2012, quieting

---

[1] Although there was some dispute as to whether this roadway is known as "I-55," "Interstate 155," or "Highway I-155," it is clear from the record that the parties are referencing the same roadway, regardless of terminology.

title to the three acres in Sugar Ridge, as owner in fee simple. The legal description of the 3.63-acre parcel within the default judgment was described as:

> A part of the Northwest Quarter of the Southeast Quarter (NW ¼ SE ¼) of Section 14, Township 18 North, Range 12 East of the Fifth Principal Meridian, Pemiscot County, Missouri and being further described as follows: Beginning at the Northeast (NE) corner of the said NW ¼ SE ¼ and run thence South 00°19'47" East 448.99 feet to the North right of way line of Interstate Highway I-155; thence North 57°41'00" West 837.62 feet along said right of way line; thence North 89°56'00" East 705.29 feet to the point of beginning and containing 3.63 acres, more or less, subject to easements of record, if any.

Merrell moved to set aside the default judgment on July 5, 2012, alleging that during the first five months of 2012, although he was in the state of Hawaii, personal service could have been obtained, in that John W. Turnage III, the general partner for Sugar Ridge, should have known how to contact Merrell either through an agent who remained at Merrell's residence while he was away or through "many other family members in the Hayti, Pemiscot County, area." Merrell informed the court that John W. Turnage and he grew up together and then lived only a quarter of a mile apart.

On August 6, 2012, Black Island Farms, moved to intervene and set aside the default judgment, alleging that it was the lessee in a lease agreement with Merrell for the parcel at issue and had been denied the benefits of the lease agreement. The trial court granted its motion on January 25, 2013, and at the same time, set aside the default judgment previously entered in favor of Sugar Ridge. On March 22, 2013, Black Island Farms counterclaimed against Sugar Ridge alleging that Sugar Ridge had denied access to the parcel at issue and prevented Black Island Farms from planting a crop of elderberries beginning in December 2011 and continuing "through the 2013 planting season," resulting in a loss of expected income from the harvesting of crops and plant stock.

4

Merrell also counterclaimed against Sugar Ridge, alleging damages for loss of rental income, damage to Merrell's "general business reputation in the community," and seeking punitive damages for Sugar Ridge's "wanton and wreckless [*sic*] behavior."

On May 20, 2013, Merrell moved for a finding and order of contempt against Sugar Ridge, alleging that after the trial court on April 1, 2013, had directed that no party use the land in question, Sugar Ridge had applied fertilizer to the same parcel and "tractor tread marks" were evident on the ground. By written order issued May 20, 2013, the trial court "specifically ordered that no party trespass upon, farm, poison, fertilize, or otherwise have any use of the land" at issue until further order of the trial court.

Subsequently, on May 28, 2013, Merrell moved a second time for a finding and order of contempt, alleging that Sugar Ridge had planted cotton seed on the 3.63-acre parcel at issue and that "[t]he intended use of the land in question by [Merrell] and [Black Island Farms] is very specific[,] and improper fertilization could irreparably damage the soil." On June 4, 2013, the trial court ordered that Sugar Ridge "shall disk up the crop planted on the ground at issue in this case to such a point as to assure that any crop growing there is destroyed."

Trial was held March 10, 2014, on Sugar Ridge's petition to quiet title, Merrell's counterclaim, Black Island Farm's counterclaim, and Merrell's two motions for an order of contempt. Merrell testified that he never intended to transfer the 3.63 acres when he sold the Farm but intended to keep it because he was having conversations with Black Island Farms about the lease agreement. In addition, Merrell was dealing with Drury Signs ("Drury") for an easement to place a sign on a portion of his land, which ultimately resulted in a sign easement on the 3.63-acre parcel on May 2, 2011. In connection with that easement, Drury conducted an independent survey, and it confirmed that Merrell was the title owner of the 3.63-acre parcel.

5

Black Island Farms intended to use the 3.63 acres to grow elderberries. Terry Durham, a consultant on elderberries at the University of Missouri, was an expert witness in this case and testified as follows: The soils and climate of Southeast Missouri are similar to soils in Arkansas in which elderberries grow very well. There is a large local market for elderberries because of a limited supply; ninety-five percent are currently imported from Europe. Elderberries are currently being heavily researched because of their medicinal value. There is scientific evidence to support that elderberries may cure prostate cancer in mice, reverse cognitive decline in individuals with Alzheimer's, control diabetes, and act as an anti-viral. Furthermore, elderberries are used to make fruit juice, wine, soaps, and food products. Because of these qualities, elderberries are in high demand.

The trial court took the matter under advisement and entered its judgment on June 30, 2014, quieting title in the disputed 3.63-acre parcel in favor of Merrell and against Sugar Ridge, assessing damages against Sugar Ridge in favor of Merrell at $2,100, representing three years' rental income, and further finding for Black Island Farms on its counterclaim against Sugar Ridge, awarding $75,000 for damages.

In its judgment, the trial court included specific credibility determinations, finding (1) Sugar Ridge's members were "renowned business men[,]" and "[i]f there was any question in what specifically they were purchasing, they were well aware of all avenues for verification prior to the transaction"; (2) Sugar Ridge's agents "testified that they were well aware that they did not purchase" the 3.63-acre parcel as early as May 2011; (3) Sugar Ridge "provided knowing false information to their attorney regarding the whereabouts of" Merrell to its attorney, thereby causing "this court to order service by publication and enter a Default Judgment[]"; (4) Sugar Ridge's actions, "by providing false information to the Court through their attorney, committed

6

fraud upon the court which caused the Default Judgment to be set aside thereby wasting the court's time and resources[]"; (5) "[F]rom the very beginning of their involvement with all of the land in question, . . . [Sugar Ridge] . . . has used the legal system of Pemiscot County, Missouri, to invade, bully, and greedily take over a 3.63 acre corner of land, that their agents testified they knew they had no right to as of the summer of 2011." The trial court further stated, "[I]t has given consideration to the testimony of Mr. Terry Durham, a person well versed in planting, germination, cultivating, and harvesting . . . [elderberries]" and who "showed great expertise and knowledge in the many uses, developments, and marketing in the field of [elderberries]."

All parties timely appeal.

## Discussion

### *Sugar Ridge's Point 1—Sugar Ridge Fails to Demonstrate Black Island Farms' Damage Award is Not Supported by Substantial Evidence*

Sugar Ridge's first point relied on contends that the trial court erroneously awarded damages to Black Island Farms because

> an award of damages must be based on something more than a gossamer web of shimmering speculation and participants in a fraud may not thereafter claim to be victims and, in this case, the Respondent's evidence was that elderberry farming is not profitable as a cash crop and any income is derived from it being a Ponzi scheme.[2]

Black Island Farms counters this contention, asserting that the "participants in a fraud or Ponzi scheme" issue cannot be raised for the first time on appeal, citing **Belden**, 325 S.W.3d at 516. Sugar Ridge tacitly concedes, in its reply brief, that it did not raise this issue in the trial court. Rather, without citation to any relevant legal authority, Sugar Ridge claims that this

---

[2] We note that Sugar Ridge's point relied on is multifarious in that it purports to find fault with the trial court for two legal reasons (the judgment is a "gossamer web of shimmering speculation" and "participants in a fraud may not thereafter claim to be victims"). Points containing multiple allegations of error do not comply with Rule 84.04 and are considered multifarious. **Atkins v. McPhetridge**, 213 S.W.3d 116, 120 (Mo.App. 2006).

All rule references are to Missouri Court Rules (2015).

principle does not "relate[] to the issue raised by [Sugar Ridge], which is the Respondents' failure to evidence."

Sugar Ridge, however, does not confine its point to merely the speculative nature of Black Island Farms' damages evidence, but rather chose to affirmatively characterize that evidence as a fraudulent Ponzi scheme perpetrated by Respondents for which the recovery of damages is legally barred, *even if supported by substantial evidence*. Sugar Ridge's point, therefore, does not merely address whether Black Island Farms' damage award is not supported by substantial evidence, but rather includes an affirmative claim that should have been raised in and decided by the trial court.

Fraud has nine factual elements at common law, *see **Next Day Motor Freight, Inc. v. Hirst***, 950 S.W.2d 676, 679 (Mo.App. 1997), and miscellaneous defenses; it must be pleaded with particularity, Rule 55.15. Sugar Ridge completely failed to plead or raise in any manner in the trial court the now-alleged fraudulent circumstances, much less with particularity. This failure precluded Black Island Farms from presenting contrary evidence and precluded the trial court from making related factual determinations and ruling on that issue.

Sugar Ridge also responds that it "was surely not obligated to object that the party-opponent had elected to prove that any damages suffered arose from being deprived of the opportunity to engage in a *Ponzi* scheme or other fraudulent conduct." On the contrary, if Sugar Ridge believed Black Island Farms had actually engaged in fraudulent conduct that barred it from recovering any damages from Sugar Ridge, it had all the more reason to raise that issue at trial and obtain a judgment in its favor from the trial court on that basis.

"[N]o allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." Section 512.160.1, RSMo 2000; *see*

8

*also* Rule 84.13. "'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'" ***Brown v. Brown***, 423 S.W.3d 784, 788 (Mo. banc 2014) (quoting ***State ex rel Nixon v. Am. Tobacco Co., Inc.***, 34 S.W.3d 122, 129 (Mo. banc 2000)). As required by Rule 78.09, the trial court must be given the opportunity to rule on a question. ***Brown***, 423 S.W.3d at 787. Adherence to this rule assists in resolving any alleged error at the earliest possible opportunity by "allowing the trial court to rule intelligently." ***Id.*** at 787–88. It is a critical component in the efficient and timely resolution of disputes and the conservation of the parties' and the courts' limited resources. ***Id.*** at 788.

Failure to make known to the court an objection to the action of the court and grounds therefor will constitute a waiver of that objection on appeal. ***Mayes v. St. Luke's Hosp. of Kansas City***, 430 S.W.3d 260, 267 (Mo. banc 2014) (citing ***Pollard v. Whitener***, 965 S.W.2d 281, 291 (Mo.App.1998) and ***Niederkorn v. Niederkorn***, 616 S.W.2d 529, 535 (Mo.App.1981)). A properly preserved objection will identify the law with respect to the particular legal claim, provide citation to authority, and apply that law to the facts of the case. ***Mayes***, 430 S.W.3d at 270. Sugar Ridge never asserted to the trial court or asked the trial court to determine whether Black Island Farms engaged in a Ponzi scheme or any other fraudulent conduct; therefore, we will not convict the trial court of error for failing to do so.

Sugar Ridge also argues that the damage award of $75,000 in favor of Black Island Farms amounts to $25,000 for each of the years 2012, 2013, and 2014 and is unjustified because elderberry plants produce no berries the first year after they are planted and these were not planted until 2012, and they all died that year. Based on these "facts," Sugar Ridge concludes that there is no substantial evidence to support the judgment.

We begin our analysis of this issue observing, as previously noted, that the trial court's judgment is presumed correct and the burden is on Sugar Ridge to demonstrate its incorrectness. *Houston*, 317 S.W.3d at 186.

> Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment. Evidence has probative force if it has any tendency to make a material fact more or less likely. When reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations. Appellate courts accept as true the evidence and inferences . . . favorable to the trial court's decree and disregard all contrary evidence. In addition, this Court has made clear that no contrary evidence need be considered on a substantial-evidence challenge, regardless of whether the burden of proof at trial was proof by a preponderance of the evidence or proof by clear, cogent, and convincing evidence.

*Ivie v. Smith*, 439 S.W.3d 189, 199-200 (Mo. banc 2014) (internal citations and quotations omitted). "Rule 73.01(c) provides that all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Id.* at 200.

> [A] trial court is free to believe or disbelieve all, part, or none of the testimony of any witness. Thus, any citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence. Such contrary facts and inferences provide no assistance to this Court in determining whether the evidence and inferences favorable to the challenged proposition have probative force upon it, and are, therefore, evidence from which the trier of fact can reasonably decide that the proposition is true.

*Houston*, 317 S.W.3d at 186 (internal citations and quotation marks omitted). Based on these principles:

> A not-supported-by-substantial-evidence challenge requires completion of three sequential steps:
>
> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

10

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*Id.* at 187.

Sugar Ridge disregards the principles of *Ivie* and *Houston* with alarming frequency throughout all three of its points. Even assuming, without deciding, that this point "identif[ies] a challenged factual proposition, the existence of which is necessary to sustain the judgment[,]" Sugar Ridge fails the second and third *Houston* steps in that it does not "identify all of the favorable evidence in the record supporting that proposition" and then "demonstrate why that favorable evidence . . . does not have probative force upon the proposition[.]" *Houston*, 317 S.W.3d at 187. Rather, Sugar Ridge relies upon evidence and inferences contrary to the judgment as support for its argument. For example, without any citation to the record as required by Rule 84.04(e),[3] Sugar Ridge argues that "[e]lderberries will not grow in Southeast Missouri and, even if they will, there is no profit in them." Terry Durham, however, testified that the soils and climate of the 3.63-acre parcel are similar to Arkansas, where elderberries grow very well and are in high demand. Durham also testified to expected average net profits of $567,495 for the first two years of elderberry plant production on this parcel. The trial court found Durham's testimony to be of "great expertise[.]" On appeal, we are required to conclude that the trial court believed the testimony of Durham, which supports the judgment, instead of Sugar Ridge's assertions, even if those assertions are supported by some contrary evidence in the record or contrary inferences drawn from the evidence in the record.

---

[3] Rule 84.04(e) provides, in relevant part: "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

Sugar Ridge's argument under this point is riddled with similarly flawed factual assertions.[4] "[A]ny . . . reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence." *Houston*, 317 S.W.3d at 186. An argument repeatedly and materially based upon such evidence and inferences has no analytical or persuasive value and offers no support for Sugar Ridge's claim of error. "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *State ex rel. Greene Cnty. v. Barnett*, 231 S.W.3d 854, 857-58 (Mo.App. 2007) (internal quotation marks and citations omitted). In that context, Sugar Ridge's argument presents nothing for our review and, therefore, fails to persuade us that the Black Island Farms' damage award is based, as Sugar Ridge posits in its point, on a "gossamer web of shimmering speculation." Sugar Ridge's first point is denied.

### Sugar Ridge's Point 2—Sugar Ridge Fails to Demonstrate Merrell's Damage Award is Not Supported by Substantial Evidence

Sugar Ridge's second point relied on states:

The trial court erred in awarding damages to Merrell for lost rent in that an award of damages must be supported by competent and substantial evidence but in this case, Merrell has been paid $37,500.00 for the land and intentionally allowed the Plaintiff to farm the ground in 2011 and in 2012 did not seek a prejudgment order returning possession to himself and in 2013 sought and obtained an order from the court precluding anybody from occupying the ground.

---

[4] Sugar Ridge also ignores specific findings of the trial court that Sugar Ridge acted at times in "direct contravention of [the trial court's] Order" and willfully denied Black Island Farms the ability to utilize the 3.63 acres. Black Island Farms' counterclaim alleged not only damages as a result of lost elderberries and elderberry plant stock but also punitive damages based on Sugar Ridge's conduct. Additionally, Durham testified that the delay in beginning elderberry production would be costly in that Black Island Farms would have more competition now than if they had entered the market years earlier. The trial court never specified that the $75,000 was to represent an elderberry crop of $25,000 per year. The award could represent lost elderberry crop, lost elderberry plant stock, lost business opportunity, and punitive damages. In failing to address these issues, Sugar Ridge fails to provide a cogent argument that the judgment is not supported by substantial evidence.

12

Sugar Ridge's point relied on is flawed in that all four of its stated factual reasons are drawn from evidence and inferences contrary to the judgment and must be disregarded under our standard of review. Respondents raise this issue in their brief, but Sugar Ridge does not respond to it in its reply brief. Rather, Sugar Ridge repeatedly states that it "does not understand what evidence it is that the trial court thought it heard." We agree that it would be peculiar for Sugar Ridge or any other party to litigation to be able to read the mind of the trial court. This court is also unable to do so, and it is for this reason that we look to established applicable standards of review. Where the trial court does not specify the evidence that supports each finding of fact and conclusion of law, standards of review determine how the evidence is to be viewed on appeal. This is especially important where, as here, Sugar Ridge contends that the judgment is not supported by substantial evidence. As we have stated above,

> [w]hen reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations. Appellate courts accept as true the evidence and inferences . . . favorable to the trial court's decree and disregard all contrary evidence. In addition, this Court has made clear that no contrary evidence need be considered on a substantial-evidence challenge, regardless of whether the burden of proof at trial was proof by a preponderance of the evidence or proof by clear, cogent, and convincing evidence.

*Ivie*, 439 S.W.3d at 199-200 (internal citations and quotations omitted). "Rule 73.01(c) provides that all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Id.* at 200.

Assuming once again, without deciding, that Sugar Ridge has challenged a factual proposition necessary to sustain the judgment, Sugar Ridge's analysis is once more critically deficient concerning the second and third steps set forth in *Houston*. Sugar Ridge references

extensive testimony that would suggest Merrell should not be awarded rent[5] but ignores evidence favorable to awarding Merrell rent.[6] Again,

> a trial court is free to believe or disbelieve all, part, or none of the testimony of any witness. Thus, any citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an Sugar Ridge's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence. Such contrary facts and inferences provide no assistance to this Court in determining whether the evidence and inferences favorable to the challenged proposition have probative force upon it, and are, therefore, evidence from which the trier of fact can reasonably decide that the proposition is true.

*Houston*, 317 S.W.3d at 186 (internal citations and quotations omitted). Because Sugar Ridge has failed to conform its point and argument to the appropriate standard of review, its second point has no analytical value or persuasiveness and does not present a cogent argument that the judgment is not supported by substantial evidence. Sugar Ridge's second point is denied.

### *Sugar Ridge's Point 3—No Appellate Review of Trial Court's Failure to Enter a Different Judgment*

Sugar Ridge's third and final point relied on states:

The trial court erred in declining to apply the law applicable to the facts in evidence and refusing to award the Plaintiff title to the ground in question in that a judgment must be supported by substantial evidence and, in this case, the Plaintiff proved the Defendant Merrell was conveying the entire farm north of I-55 and Merrell's testimony was directly contrary to his objectively measurable conduct

---

[5] Sugar Ridge sets forth a version of the facts in which Merrell and his family "had farmed the ground for more than 100 years" "as one big field[,]" and the "Farm Services Administration listed this ground as a single farm." Sugar Ridge believed "there was a mistake in the deed" and Merrell did not intend to keep the three acres because he did not reserve an easement to the 3.63 acres and did not realize that he might have a claim to the 3.63 acres until after Drury conducted a survey of the land. It believes that Merrell "has been paid by Drury twice and by [Sugar Ridge] once for the same 3 acres of ground." This evidence is contrary to the damage award, and the contrary inferences Sugar Ridge extrapolates from it are irrelevant and immaterial to Sugar Ridge's claim that the Merrell damage award is not supported by substantial evidence. *Houston*, 317 S.W.3d at 186.

[6] For example, Merrell testified that he never intended to transfer the 3.63 acres and that he always knew the 3.63 acres belonged to him. Our standard of review requires us to credit and consider this testimony because it is favorable to the judgment and to disregard the contrary evidence that Sugar Ridge asserts supports that Merrell did not so intend.

As best we understand this point, Sugar Ridge is claiming that the trial court erred in not entering a judgment in its favor because Sugar Ridge produced substantial evidence supporting reformation of the Merrell-to-DHJ Farms and the DHJ Farms-to-Sugar Ridge warranty deeds to include the 3.63-acre parcel. This point demonstrates a fundamental misunderstanding and misapplication of the applicable standard of review.

"[A]n appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie*, 439 S.W.3d at 198-99 (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). In other words, in the substantial evidence context, we review the judgment entered by the trial court and will affirm that judgment unless we determine that *it* is not supported by substantial evidence. We do not review whether substantial evidence was presented that would support some other hypothetical judgment that the trial court possibly could have entered. Only upon the reversal of the judgment *entered* by the trial court do we consider other potential judgment options. Rule 84.14.[7] Any substantial evidence inquiry on appeal, therefore, is necessarily limited to whether the judgment *entered* by the trial court is supported by substantial evidence. Whether an appellant presented substantial evidence that arguably supports some other hypothetical judgment is irrelevant to that inquiry and preserves nothing under our standard of review for appellate consideration. Sugar Ridge's third point is denied.

### Respondents' Points

Respondents raise three points in their cross appeals. They are:

[Point 1] <u>The Court erred in not awarding punitive damages to the Respondent/ Cross-Appellant, George Merrell</u>, in that *the Respondent/Cross-Appellant showed*

---

[7] Rule 84.14 provides, in pertinent part: "The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or *give such judgment as the court ought to give*." (Emphasis added).

*that the actions of [Sugar Ridge] were wanton, reckless, outrageous, and done with complete disregard to the rights of others or consequences of their actions.*

[Point 2] <u>The Court erred in not awarding punitive damages to the Respondent/ Cross-Appellant, Black Island Farms, LLC</u>, in that *the Respondent/Cross-Appellant showed that the actions of [Sugar Ridge] were wanton, reckless, outrageous, and done with complete disregard to the rights of others or consequences of their actions.*

[Point 3] <u>The Court erred in only awarding the Respondent/Cross-Appellant Black Island Farms, LLC $75,000.00, in damages</u> when *the Court found the expert witness to be well versed and credible, and the same expert calculated the damages to Black Island Farms, LLC at $774,345.00.*

(Underlines and italics added).

Rule 84.04 requires that a point relied on "identify the trial court ruling or action that the appellant challenges[,]" "state concisely the legal reasons for the appellant's claim of reversible error[,] and" "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(A)-(C). A point relied on must "set out specific allegations of trial court error[,]" "support the claim of error with legal reasons" and "explain how the case specific details support the legal reasons." ***Falls Condominiums Owners' Ass'n, Inc. v. Sandfort***, 263 S.W.3d 675, 679 (Mo.App. 2008). A point relied on that does not do so, does not satisfy Rule 84.04(d). ***Id.*** "'Points on appeal that fail to comply with Rule 84.04(d) present nothing for review.'" ***In re Marriage of Gerhard***, 34 S.W.3d 305, 307 (Mo. App. 2001) (quoting ***Murphy v. Shur***, 6 S.W.3d 207, 209 (Mo.App. 1999)).

> Failure to properly state the points relied on indicates a lack of understanding of the appellate function and process. Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise. That is the reason for the sometimes expressed unwillingness of an appellate court to assume the role of counsel and advocate for a party on appeal. When counsel fail in their duty by

16

filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

All three of Respondents' points are deficient in the same respect. While each point identifies the challenged trial court ruling (the underlined portion in each point) and recites some case specific context (the italicized portion in each point), none gives a legal reason supporting the claimed error and, due to that omission, none explains how the recited case specific context supports that legal reason.[8] A deficient point that fails to set forth the legal reason for the claim of reversible error and fails to explain why, in the context of the case, that legal reason supports the claim of reversible error preserves nothing for appellate review. *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App. 2003). Stripped of those essential requirements, Respondents' points are nothing more than abstract statements of facts that likewise preserve nothing for our review. *Tessmer v. Tessmer*, 611 S.W.2d 299, 300 (Mo.App. 1980).

The failure to state a legal reason for a claimed error is a fatal and decisive flaw in a point relied on. *Henson v. Henson*, 195 S.W.3d 479, 481-82 (Mo.App. 2006). "To speculate as to [a

---

[8] In addition, we note that none of the argument sections under these points contains a standard of review as required by Rule 84.04(e). That rule provides, in pertinent part: "The argument shall also include a concise statement of the applicable standard of review for each claim of error." Including the applicable standard of review would have provided Respondents' guidance in determining whether they had a claim of legal error in the first instance. *Henson v. Henson*, 195 S.W.3d 479, 483 (Mo.App. 2006). We also note that Respondents' second point is also deficient in that it cites absolutely no authority. Instead, Respondent purports to "avoid redundancy" by "incorporat[ing] the entirety of Cross Appeal Point I as if copied in full herein." "[T]he use of incorporation by reference is not sufficient in the argument section of a Point Relied On." *Frazier v. City of Kansas*, 467 S.W.3d 327, 346 (Mo.App. 2015). Individual points relied on necessarily present separate arguments and deserve separate analysis. A party is obligated to support all points with appropriate argument and legal authority, *Lattimer v. Clark*, 412 S.W.3d 420, 423 (Mo.App. 2013), and that obligation is not satisfied by references to other portions of the to brief.

17

legal reason] would force us to don the cap of advocacy, contrary to our proper appellate role."

*Massie v. Colvin*, 373 S.W.3d 469, 471 (Mo.App. 2012).[9]  Because all three of Respondents'

points relied on are fatally deficient, they are denied.

## Decision

The trial court's judgment is affirmed.


GARY W. LYNCH, J., Opinion author

DON E. BURRELL, P.J., concurs

WILLIAM W. FRANCIS, JR., J., concurs

---

[9] A deficient point cannot be cured by resort to other portions of the brief.  *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App. 2003).  Nevertheless, we have reviewed, *ex gratia*, Respondents' arguments under each point in their brief and failed to find any stated legal reason supporting any of Respondents' claims of reversible error.